JOHN T. BIRDSALL, Respondent, *against* THE TWENTY-THIRD STREET RAILWAY COMPANY, Appellant.

(Decided November 3d, 1879.)

Though the amount of money provided in a contract as payable for its breach be a specified sum, and be called therein a "fine," yet if the damages anticipated thereby, be, from the nature of the case, peculiarly within the knowledge of the party agreeing to make such payment, and difficult of ascertainment and proof, such amount provided for will be held to be liquidated damages and not a penalty.

provision in a written contract of hiring between a railway company and a conductor on its cars provided that if the latter received any fare from any passenger (a fare being five cents) he should be liable to a fine of fifteen dollars, which might be deducted from his wages : *held*, that the fifteen dollars were intended

---

* The judgment here was affirmed by the Court of Appeals June 3d, 1879.

to be liquidated damages and not a penalty, and that the agreement for payment of it could be enforced.

*Held*, also, that the company did not waive the right to insist upon the payment of such amount as damages out of the wages by retaining in its employment such conductor after discovery of a breach by him, rendering the damages payable.

APPEAL from a judgment for the plaintiff, rendered by George W. Parker, justice of the District Court in the city of New York, for the Third Judicial District.

The action was brought by the assignor of the claims of certain discharged conductors of the cars of the defendant to recover the aggregate of sums of money varying from ten to fifteen dollars, earned by the conductors just previous to their discharge. At the trial it was not disputed that the wages were earned, and the defense rested upon the allegation and proof offered in its support, that the conductors violated the following provision of an instrument which each signed upon entering the defendant's service :—

" No conductor will be permitted to receive a fare from a passenger directly or indirectly. Any conductor violating this rule is liable to a *fine* of fifteen dollars for each violation thereof, and hereby agrees that the amount of such fine or fines may be deducted from his wages." · It appeared upon the trial that the conductors were not discharged upon the discovery claimed to have been made by the defendant of the violation of the rule, but were retained until they had earned thereafter from ten to fifteen dollars. The evidence was conflicting as to whether or not each of the conductors did, as alleged, receive the sum of ten cents for fares. The defendant at the trial, relying upon the sum fixed as a fine for receiving a single fare of five cents, did not offer to prove damages, and the justice holding the fine to be a penalty, and stating that he could not assume the damages to be more than the fares received by the conductors, which in the aggregate were less than the interest accrued upon the plaintiff's claim, gave judgment for the plaintiff.

*Flannagan & Bright*, for appellant.

*Henry Dennison*, for respondent.

Graham v. The Firemen's Insurance Company.

CHARLES P. DALY, Chief Justice, delivered orally the opinion of the court, which was, that the agreement was for liquidated damages ; that it was intended to provide against uncertain damages, and it was quite clear that in a case of such a character the loss to the company would be much larger than it would be able to prove by the specific dishonest violations of the rule that might come to their knowledge ; that the drivers violated the rule, fully comprehending their liability, and, under the circumstances, the sum of $15 was not oppressive. It was also, in the opinion of the court, clear that the company's omission to discharge the drivers upon discovery of the violation of the rule was not a waiver of the agreement. The judgment was therefore reversed.