JOSEPH SCHIETENGER *vs.* THE BRIDGEPORT KNIFE COMPANY.

Fairfield County, March T., 1886. PARK, C. J., CARPENTER, LOOMIS, GRANGER AND BEARDSLEY, JS.

The defendants, a manufacturing company, had a standing rule known to their workmen, that "all employees not engaged for a definite time must give two weeks notice before leaving; that any workman giving such notice and working the two weeks would then be paid in full; and that any workman leaving without giving such notice should forfeit all unpaid wages." The plaintiff was working for the defendants for no definite time, but at an agreed price per piece for his work, and

the defendants gave him notice that they should begin the next day to pay him a reduced price for all his work done on and after that day. The plaintiff refused to accept the reduced payment and left their service. In a suit brought to recover an amount due for his work to that date, it was held that the rule had no proper application to the case.

The defendants rather than the plaintiff ended the relation of employer and employee. They refused to keep him except at a reduced rate of payment, and he had never agreed, and was under no obligation, to continue to work at the reduced price.

Even if the plaintiff could be regarded as having the right under his contract to work two weeks longer at the old price, yet he had a full right to join with the defendants in rescinding the contract.

[Argued March 16th—decided April 24th, 1886.]

ACTION to recover for work done; brought to the Court of Common Pleas in Fairfield County and tried before *Hall, J.* Facts found and judgment rendered for the plaintiff and appeal by the defendants. The case is sufficiently stated in the opinion.

*D. B. Lockwood*, for the appellants.

*R. E. DeForest*, for the appellee.

BEARDSLEY, J. On the 22d day of January, 1885, the plaintiff was, and for several years had been, in the employment of the defendants, under a contract indefinite as to time, by which he was to receive an agreed sum per piece for the work to be done by him. On that day the defendants notified the plaintiff that a price considerably less than that fixed by the contract would be paid to him for work done by him on and after January 23d, 1885. The plaintiff thereupon notified the defendants that he should not work for such reduced price, and at the close of the same day left their employment.

There was then due to him the sum of $176.83 for work which had been done by him during that month, which upon demand the defendants refused to pay, and for the recovery of which this suit is brought. The defendants set up in their answer, and it is found, that when the plaintiff was

hired by them there was and ever since has been a rule of their company known to the plaintiff as follows :—" All employees not engaged for a definite time must give two weeks notice before leaving the employ of the company, to the foreman in charge, as well as to the timekeeper. In case any such workman shall leave the employ of the company without having given and worked out such two weeks notice in full, all wages which might have otherwise been considered as earned at the time of leaving will be forfeited to the company and will not be paid. Any employee giving his two weeks notice and working it out in full will be paid in full at the expiration of such notice."

The defendants claim that by the operation of this rule the plaintiff, having left without having given two weeks notice, forfeited the claim which he now makes for his unpaid wages.

It seems clear that the rule has no application to the facts of this case. Up to the 23d of January the plaintiff was working under a contract fixing his compensation. If he had then left of his own motion, without giving the notice required by the contract and working till its expiration, he might have lost the right to recover his unpaid wages.

The defendants and not the plaintiff put an end to the contract of service. They refused to pay the plaintiff for future services the only price for which he had agreed or was willing to perform them. Thereupon the relation between them as employer and employee ceased. In effect the plaintiff was discharged. It is true that the defendants told him that they were willing to pay him a reduced price for his labor in future, but the plaintiff in the exercise of his undoubted right declined to work upon the terms they proposed.

The rule in question is a reasonable and proper one for the protection of the defendants against the loss which might result from the sudden and unexpected leaving of their workmen without cause, but is not to be so construed as to subject an employee to forfeiture of his unpaid wages

who declines at their dictation to work for a smaller compensation than he has ever agreed to receive.

The somewhat remarkable claim is made in behalf of the defendants, that because the plaintiff violated the contract between the parties under that clause in the rule which provides that "an employee giving two weeks notice and working it out in full will be paid in full at the expiration of the notice," he might, in defiance of the defendants' refusal to be longer governed by the contract, have recovered the contract price if he had given notice and worked two weeks longer. Assuming, what is by no means clear, that the plaintiff might have done this, it does not aid the defence. If he might have insisted that the contract was in force when the defendants declared it was not, he might also take them at their word and join with them in rescinding it.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.