## LENNON *v.* SMITH.

*(Common Pleas of New York City and County, General Term.* May 18, 1888.)

1. SPECIFIC PERFORMANCE—OF BUILDING CONTRACT—FAILURE OF PLAINTIFF TO SIGN SPECIFICATIONS.

   Plaintiff entered into a contract with defendant to do work according to certain specifications, to be "verified by the signatures of the parties," and to be "taken as part of the contract;" payment to be made "upon the order of the architect, on completion of the work." The specifications were not signed because plaintiff said it was not necessary. *Held,* that plaintiff was bound to perform the work according to the specifications, and, on failure to do so, the architect was justified in withholding his certificate.

2. DAMAGES—WHAT ARE LIQUIDATED DAMAGES—STIPULATION IN CONTRACT.

   A person entered into a contract to do certain work, and agreed on a penalty of $20 for each and every day the work remained unfinished beyond the time specified. It appeared that the actual damages were uncertain and hard to prove. *Held,* that the stipulation was for liquidated damages.

Appeal from judgment on report of referee.

Action brought by Michael Lennon against Mary F. C. Smith to foreclose a mechanic's lien. Defendant set up failure to perform contract, and damages resulting therefrom. The case was tried before a referee, who found for the defendant, and from the judgment entered on his report plaintiff.appealed.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*E. T. Hood,* for appellant. *Matthew & Smith,* for respondent.

BOOKSTAVER, J. The action was brought to foreclose a mechanic's lien on property owned by defendant. In May, 1886, the parties entered into a written contract whereby plaintiff undertook to excavate a cellar, build a cellar wall, and do certain other work for defendant, at a fixed compensation. This work was to be done by a given day. The contract provided that the work was to be done in accordance with specifications "verified by the signatures of the parties," which was to be "taken as part of the contract." The specifications were not, in fact, signed by either party. The contract further provided that the work was to be done "to the full satisfaction of the.architect," and the money was payable "upon the order of the architect, on completion of the work." The architect refused to give any order or certificate that the work had been performed.

It is well settled that a party wishing to review findings of fact made by a court or referee must prepare a case containing all the evidence, and have it so certified by the judge or referee settling it. If he omits to do this, the findings below are conclusive. *Wilkinson* v. *Herbert,* 13 N. Y. St. Rep. 436; *Porter* v. *Smith,* 107 N. Y. 531, 14 N. E. Rep. 446; *Spence* v. *Chambers,* 39 Hun, 193; *Hagadorn* v. *Dodge,* 2 N. Y. St. Rep. 335. There is no such certificate in this case, and the report of the referee must be taken as final, on this appeal, as to the facts found by him. But, if this were not so, we think there was abundant testimony upon the case presented to justify the findings of the referee. The principal questions litigated were: *First,* did the specifications set forth in the answer form a part of the agreement between the parties? *Second,* if the specifications formed no part of the contract, then had the work mentioned in the body of the contract been substantially performed? *Third,* was the architect justified in withholding his certificate?

From the evidence it appears, by the testimony of the defendant's witnesses Cochen and Pollard, that the specifications were prepared at the same time with the contract, and were read over to the plaintiff at the time it was signed, and that the reason why they were not signed was because the plaintiff, or his son, who was present, and who signed the contract in his father's name, said it was not necessary. The testimony also shows that plaintiff deliberately refused to perform the work described in the specifications; saying he "did not care a damn about the specifications; that they were not signed;

that his counsel told him they were no good." It is true, this is denied by plaintiff, but there is certainly evidence enough to justify the findings of the referee that the specifications were adopted by the parties as a part of the contract when the agreement was executed; that the plaintiff never substantially performed the agreement; that he abandoned the work before such performance; and that the action of the architect, in refusing to give plaintiff the order required by the agreement, before the money became due and payable to the plaintiff, was not fraudulent, but based upon an honest dissatisfaction on his part with the work done.

Under this state of facts, plaintiff was not entitled to maintain his action; and the complaint was properly dismissed, because—*First*, there was not a substantial performance of the contract, (*Smith* v. *Brady*, 17 N. Y. 173; *Glacius* v. *Black*, 50 N. Y. 145; *Woodward* v. *Fuller*, 80 N. Y. 312; *Nolan* v. *Whitney*, 88 N. Y. 648;) *second*, because the plaintiff willfully refused to perform a part of the work required by the contract, (*Crane* v. *Knubel*, 61 N. Y. 646;) *third*, because of these two facts, he failed to obtain the architect's certificate, (*Byron* v. *Loe*, 14 N. Y. St. Rep. 823; *Barton* v. *Hermann*, 11 Abb. Pr. N. S. 378; *Smith* v. *Wright*, 6 Thomp. & C. 694; *Guidet* v. *Mayor*, 36 N. Y. Super. Ct. 557; *Cross* v. *Belknap*, 24 Wkly. Dig. 256; *Doll* v. *Noble*, Id. 557.) There being no exceptions to the referee's refusal to find as requested by plaintiff, we cannot here review such refusals.

A large number of exceptions were taken to the admission and rejection of testimony. We have examined all of those to which our attention was particularly called on the argument and in defendant's brief; and, while a number of them were undoubtedly well taken, yet it is not clear that some of the testimony received or rejected under these objections could have influenced the referee in coming to the conclusion he did on the questions before referred to, and the judgment will not, therefore, be reversed for these errors. Code N. Y. § 1003.

The only question remaining is in regard to the counter-claim. The right to recover this is based upon a clause in the contract providing for a penalty of $20 to be enforced for each and every day the work remained unfinished beyond the time specified in the contract. This the referee construed as meaning that that amount had been agreed upon as liquidated damages for each day's delay. The rule seems to be that such a clause in a contract, where the damages resulting from a breach of it would be uncertain and hard to prove, is to be treated as liquidated damages, unless the language of the contract shows clearly that such was not the intention. 1 Suth. Dam. 512, 520; *Cotheal* v. *Talmage*, 9 N. Y. 551; *O'Donnell* v. *Rosenberg*, 14 Abb. Pr. (N. S.) 59; *Pettis* v. *Bloomer*, 21 How. Pr. 317; *Farnham* v. *Ross*, 2 Hall, 187. What the parties call a "penalty" or a "forfeiture" may be held to be liquidated damages if, under all the circumstances, such appears to have been the intention; and, on the other hand, a real penalty cannot be successfully concealed behind the words "liquidated damages." Pol. Cont. 467; *Noyes* v. *Phillips*, 60 N. Y. 408; *Sainter* v. *Ferguson*, 7 C. B. 716. In this case the fact of damage is apparent enough. Other contractors were delayed; time was lost by defendant; other workmen had to be employed, and materials purchased by defendant. It is also apparent that the precise quantum of this damage could not be easily ascertained or readily proven. At the time the contract was signed, the attention of the plaintiff was directed to the importance of having the work done at the stipulated day, and it is reasonable to suppose it was intended as liquidated damages. The judgment must therefore be affirmed, with costs.

LARREMORE and ALLEN, JJ., concur.