TODE *et al. v.* GROSS *et al.*

*(Supreme Court, General Term, Second Department.* February 11, 1889.)

1. HUSBAND AND WIFE—CONTRACTS OF WIFE—COVENANTS FOR THIRD PERSONS.
    Defendant, a married woman, who owned a factory for the manufacture of a certain kind of cheese, sold it, together with the secret of the manufacture, to plaintiffs, and covenanted for herself and husband that they would not impart such secret to any one other than plaintiffs, nor engage in the business of manufacturing or selling such cheese, for a certain period of time. *Held*, that defendant was liable for a violation of the covenant by the husband.

2. CONTRACTS—VALIDITY—RESTRAINT OF TRADE.
    Such covenant is not void as in restraint of trade.

3. SAME—STIPULATED DAMAGES.
    Where the contract prescribes a "penalty of five thousand dollars, which sum is hereby named as stipulated damages," for a violation of the covenant, defendant will be held liable for the sum named as liquidated damages.

Appeal from special term, Orange county.

Action by Adolph Tode and Ferdinand Wolff against Lena Gross and others. Judgment was given for plaintiffs in the sum of $5,000, and defendants appeal.

[1] Not reported.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.
*Henry C. Batty*, for appellants.　*Bacon & Merritt*, for respondents.

BARNARD, P. J.　The facts are not in dispute.　The defendant was the owner of certain lands in Orange county, with buildings and necessary fixtures and appurtenances for manufacturing cheese.　The business was conducted by defendants, aided by Conrad Gross, her husband, John Huffman and August Gross.　The cheese was of a certain kind, and was manufactured by a secret process known to them.　It was part of the arrangement of the sale of the land that this secret was to be communicated to the plaintiffs, and that they were to continue the manufacture of the cheese under the same names, and that they were to have the sole right.　To that end this covenant was made and executed by the defendant, and delivered to the plaintiffs; "and that she [meaning the defendant herein] and the said Conrad R. Gross, John Huffman, and August Gross will refrain from communicating the secret, recipe, and instructions for the manufacture of said cheese, or either of them, to any and all persons other than the aboved-named parties of the second part, [meaning the plaintiffs herein,] and will also, after the 1st day of April, 1885, refrain from engaging in the business of making, manufacturing, or vending of said cheeses, or either of them, and from the use of the trade-mark or names of either of them, hereby agreed to be transferred in connection with the said cheeses, or either of them, or with any similar product, under a penalty of five thousand dollars, which sum is hereby named as stipulated damages to be paid by the party of the first part, [meaning the defendant herein,] or her heirs, executors, administrators, or assigns, in case of a violation of the party of the first part [meaning the defendant herein] of this covenant, of this contract, or any part thereof, within five years of the date hereof."　The deed and covenant were delivered in 1884, and the plaintiffs entered upon the business of manufacturing cheese under this secret process.　In May following the defendant's husband, Conrad R. Gross, who was in business in New York, selling cheeses, was discovered to be selling cheese with the same makes, and being a similar product to that made by defendants before the sale to plaintiffs, and by them afterwards.　It was part of the covenant that the defendant's husband, with the others, should not sell.

A married woman may contract with respect to her separate property the same as if she was single.　The covenant is not one in restraint of trade.　She sold a secret process, and the trade-mark of the product manufactured.　*Match Co.* v. *Roeber*, 106 N. Y. 473, 13 N. E. Rep. 419; *Jarvis* v. *Peck*, 10 Paige, 118; *Hodge* v. *Sloan*, 107 N. Y. 244, 17 N. E. Rep. 335.　The agreement established $5,000 as liquidated damages.　The words mention a penalty of $5,000, but add the words "which sum is hereby named as stipulated damages," to be paid in case of a violation within five years.　In view of the extreme difficulty, if not the entire impossibility, of definite proof of damages in cases of breach, the words should be held to convey their strict meaning.　*Bagley* v. *Peddie*, 16 N. Y. 469.　The plaintiffs sold to the defendants the secret process, and received a large sum.　The secret was known to three other persons.　She covenated that they would refrain from communicating the process, and from selling the product.　She must perform her covenant.　*Tompkins* v. *Dudley*, 25 N. Y. 272; *Beebe* v. *Johnson*, 19 Wend. 500.　The judgment should be affirmed, with costs.　All concur.