Martin, J.
On the 2d day of October, 1886, the plaintiff. was the owner of premises on Gertrude street, Edward H. Ryan owned premises on Taylor street, and William P. Kelly ■owned a house and lot on Warren street, all in the city of Syracuse, N, Y. The defendant was a real estate broker and had all the pieces of real estate mentioned in his hands for sale or exchange. On the day named the plaintiff conveyed the premises on Gertrude street to Ryan, and Ryan conveyed the Taylor street property to the .plaintiff.
This exchange was made by the plaintiff at the defendant’s *576 request, and upon the express condition that the defendant would within two months deliver to the plaintiff a deed of the Kelly house and lot, subject only to a mortgage for $4,600, the plaintiff to give a deed of the Taylor street premises, subject to the existing liens at that date. In case of the defendant’s failure to deliver the deed of the Kelly property, lie was to pay the plaintiff $1,200 for his equity in the Taylor street premises, and the plaintiff was to deed them to the defendant subject to the incumbrances existing thereon as plaintiff received them from Ryan, the plaintiff to receive $1,200 for said premises free of all commissions and expenses. It was also agreed that in case the defendant failed to perform, the plaintiff should be entitled to recover the sum of $500 as liquidated damages. This contract was in writing-and signed and sealed by the parties.
No action under this contract was taken by either party until December 2, 1886, when the plaintiff went to defendant’s office. As to what transpired between the parties at that time there was a conflict in the evidence. The plaintiff testified that he said to the defendant, “ Mr. Burton, 1 came here to perform the contract which I have with you, and I have a deed of the Taylor street premises, and I wish that you would perform your part of the contract and pay me twelve hundred dollars, or give me the Warren street property. * * * I told him that I did not think it was incumbent upon me to make any tender of the deed of the Taylor street property, but in order to be sure, I had procured the deed to be executed and that I then tendered him the deed of that property; that I came there for the purpose of performing my contract, and that I desired to do everything that was necessary for me to be done under the contract. I handed bim the deed * * * and he took it in his hand and examined it and returned it to me, and said he would call in a few days and see me and close it up; that he was short of money; that he didn’t have any money just then. I told him that I wished that he would do that, that I wanted to use the money, *577 but that if he called and saw me in a few days that Avould be satisfactory. * * * After Burton said he was short of money then but that he would have it, that he Avould call and see me and close it up in a few days, I told him then that I was there to complete my part of the contract to-day, all that Avas necessary for me to have done, and that I made him this tender.” , The defendant’s evidence as to what transpired between the parties at that time was essentially different. The jury found Avith the plaintiff. Therefore, in examining the questions involved in this case we must assume that the evidence of the plaintiff as to what occurred between the-parties at that time is correct.
After the transaction Avhich occurred between the parties-at the defendant’s office on December 2, 1886, nothing was-done by the defendant toward the fulfilment of the contract. On the 15th day of December, 1886, the plaintiff wrote to-the defendant that he had waited several days beyond the time asked, that he wanted to use the money very much, and would like the matter settled that day. The next day defendant replied by letter, in which he stated the efforts he had made to secure the Warren street property,, and that he-had failed to secure it. On the same day, or the day following, the plaintiff again wrote the defendant, stating that he did not want the Kelly property, all he wished was that the-defendant would carry out his contract and that he should insist upon that being done at once.
This action was then commenced to recover the sum of - $500 as liquidated damages for the defendant’s failure to perform the said contract. The defendant claims that the covenants between the parties were mutual, and that the plaintiff could not maintain this action until he had tendered a performance of his part of the agreement; that no such tender was made, and hence the recovery in this action was unauthorized.
We think it must be admitted that the agreement betiveenthe parties was mutual, and unless the plaintiff tendered a *578 performance of his part of the agreement, this action could not be maintained. Therefore, the question whether such tender was made became an important one, and was, in fact, the principal question litigated on the trial. As we have already seen, the evidence of the plaintiff was to the effect that such tender was made, while the evidence of the defendant tended to show that there was no such tender. That question was properly submitted to the jury. The verdict was adverse to the defendant. We think the evidence justified the verdict, and that the finding of the jury upon that question should be regarded as final.
But the appellant contends that upon the plaintiff’s own showing there was an extension of the time for the performance of this contract which affected a withdrawal of the plaintiff’s tender of performance, and hence a second tender was necessary before this action could be maintained. We do not think so. The evidence of the plaintiff was that there was, in fact, no postponement of the time when the contract was to be performed. The plaintiff insisted to the end in tendering performance upon his part, thus placing the defendant in default. The plaintiff did not withdraw his tender.
It is true the plaintiff said it would be satisfactory if the defendant called and closed the matter up in a few days. It will, however, be observed that after this statement was made the plaintiff still insisted that he was there to complete his part of the contract on that day, and to do all that was necessary to fulfil the contract on his part, and that he then made a tender of the deed. In the light of this evidence we do not think it can be held that there was such an extension of the time for the performance of his contract as involved either a withdrawal of the tender made by the plaintiff or a waiver by the plaintiff of the defendant’s default. The only extension given was upon the sole condition that the defendant should close the matter in a few days. As that condition was not performed, although the plaintiff twice demanded its performance, the plaintiff’s tender remained *579 good and the defendant’s default was complete when this ■action was commenced.
We think the deed tendered was in compliance with the terms of the contract between the parties, and that no tender to the plaintiff of commissions was necessary to place the defendant in default.
We are also of the opinion that the court properly held that the sum of $500, expressed in the contract as liquidated ■damages, was not in the nature of a penalty. The intention ■of the parties, as indicated by the language employed in the •contract, the nature of the transaction between them and the circumstances attending it, all tended to sustain the conclusion that the sum expressed in such contract was intended as liquidated damages and not as a penalty. The question was one of the intent of the parties, as evinced by the entire agreement construed in the light of the circumstances under which it was made. Kemp et al. v. Knickerbocker Ice Co., 69 N. Y. 58; Little et al. v. Banks, 85 Id. 266.
We have examined the other exceptions in the case, but have found none that would seem to justify a reversal of the judgment. We think the verdict was sustained by the evidence, and that the judgment should be affirmed.
Judgment and order affirmed, with costs.
Hardin, P. J., and Merwin, J., concur.
Note on “ Liquidated Damages.”
The question whether a stipulation for the payment of damages, in case of a breach of contract, is to be regarded as .a penalty or as liquidated damages, depends on the intention of the parties as evidenced by the entire agreement, construed in the light of the circumstances under which it was made. Kemp v. Knickerbocker Ice Co., 69 N. T. 45; Wooster v. Kisch, 26 Hun, 61; Taylor v. Risley, 28 Id. 141; Wheatland v. Taylor, 29 Id. 70.
Where the words “ penalty ” and liquidated damages ” are both used in a contract, its construction must be determined by the surroundings and the circumstances. Howell v. Long Island R. R. Co., 37 Hun, 381.
*580 What the parties to a contract call a “ penalty” ora “ forfeiture” may beheld to be liquidated damages if, under all the circumstances, such appears to have been their intention. Lennon v. Smith, 16 N. Y. St. Rep. 668.
Unless the intent of the parties is very clearly expressed, a forfeiture, when excessive, will be considered as liquidated damages. Colwell v. Lawrence, 38 N. Y. 71.
The question whether a sum to be paid for non-performance of a contract is in the nature of a penalty or liquidated damages, is governed by the intention of the parties, subject to two elementary rules, viz. : That the damages caused by. a breach shall be of character so uncertain that they can not easily be calculated, and that the amount claimed to be liquidated damages shall not be grossly disproportionate to the injury. Cotheal v. Talmage, 9 N. Y. 551.
If the damages must necessarily be wholly uncertain and incapable of estimation, the sum will be regarded as liquidated damages, and not as a penalty. Bagley v. Peddie, 16 N. Y. 469; Cotheal v. Talmage, ante; Cowdrey v. Carpenter, 1 Abb. Dec. 445.
A sum agreed upon as liquidated damages will nevertheless be construed as a penalty, if necessarily an inadequate compensation for the breach of some of the provisions of the contract,- and more than sufficient for the breach of others. Lampman v. Cochran, 16 N. Y. 275.
But not, if all of them are to be simultaneously performed. Clement v. Cash, 21 Id. 253.
Where several things are stipulated to be done, some of which, if not performed, might lead to much, and others to little injury, and one amount of forfeiture only in casé of default, is inserted, it will be regarded as a penally, and not as liquidated damages. Cotheal v. Talmage, ante; Staples v. Parker, 41 Barb. 648; Jackson v. Baker, 2 Ed. Ch. 471.
A provision in a contract for the sale of lands that, in case of default in performance, the party in default shall pay the other a certain sum “ as forfeit money,” creates a penalty and not stipulated damages. Coggshall v. Steele, 22 W. Dig. 537.
Where a written contract for the exchange of real property contained the clause, “ either party failing to comply with this agreement shall forfeit to the other the sum of §1,000,” the word “ forfeit ” was held to be a term that might be construed in the sense which is given in law to the word “penalty.” Laurea v. Bernauer, 33 Hun, 307.
A stipulation, in a contract of sale,, for the payment of liquidated damages, in case of failure to execute and deliver a proper deed, will not extend to a failure of title,, where a deed in proper form is tendered. Leggett v. Mut. L. Ins. Co., 53 N. Y. 394.
Where the terms of an exchange of personal property are submitted to-the decision of two persons selected by the parties, with a provision that, if either of- the parties should refuse to abide by their decision,, he should forfeit $10 to the other, this was held to he a liquidation of the damages. Parsons v. Taylor, 12 Hun, 252.
*581 A clause in the contract of the hiring of a conductor on the cars of a railway company, prohibiting him from receiving any fares from qjassengers, directly or indirectly, under a penalty of $15 for each violation, which he thereby agreed might be deducted from his wages, was held to be a liquidation of the damages, and not merely a penalty. Birdsall v. Twenty-third St. R’y Co., 8 Daly, 419.
The contract with a village for the paving and curbing of a street which requires the village to furnish all the sand and gravel and to properly grade the street, and provides, “ and for the true and faithful performance of nil and every of the covenants and agreements above mentioned, the parties to these presents bind themselves each to the other, in the penal sum of ■$5,000, as fixed and settled damages, to be paid by the failing party,” was held to contain a provision for liquidated damages. Parr v. Village of Greenbush, 42 Hun, 232.
A provision for the payment of a fixed sum for breach of an exclusive right to use a secret process, creates liquidated damages. Tode v. Gross, 51 Hun, 644.
Where a contract by the vendor of a factory and secret processes of manufacture provides that neither he nor his agents, to whom the secrets were known, should engage in a like business for a period of five years, with a provision for the payment of $5,000 “ which sum is hereby -named as stipulated damages to be paid,” the provision, as the damages for the breach of such agreement are wholly uncertain and incapable of ascertainment, must be construed as for the payment of liquidated damages. Tode v. Gross, 127 N. Y. 480.
The term “ liquidated damages," in a building contract, construed. Ward v. H. R. R. Co., 52 Hun, 614.
The act of God is no excuse for the non-performance of a contract for liquidated damages, unless provided for by an appropriate covenant. Id.
A stipulation for payment in liquidation of damages, considered and construed. Ward v. H. R. B. Co., 125 N. Y. 230; aff’g. 52 Hun, 614.
Where it is clearly the intention of the parties that a fixed sum shall, in case of breach, be paid absolutely, it is not necessary for the plaintiff to show that he has suffered damages to the amount stipulated. Breck v. Ringler, 59 Hun, 623.
A provision in a contract to pay, in addition to a certain amount, a sum for each day the elevator shall be completed before the fixed time, held to be enforceable. Mansfield v. N. Y. C. & H. R. R. R. Co., 114 N. Y. 331. Same v. Same, 24 N. Y. St. Rep. 534.
See further Noyes v. Phillips, 60 N. Y. 408; Little v. Banks,, 85 Id. 258.