(6 Misc. Rep. 107.)

### SCHMIEDER v. KINGSLEY et al.

### WAGNER v. SAME.

(Common Pleas of New York City and County, General Term. December 4, 1893.)

LIQUIDATED DAMAGES—CONTRACT OF EMPLOYMENT—FORFEITURE OF WAGES.
  A contract of employment between a waiter and the proprietors of an hotel, which stipulates that, if the waiter leave their service without giving three days' notice, he shall forfeit all moneys owing him, provides for a penalty, and not for liquidated damages.

Appeal from fourth district court.

Separate actions by Ernest Schmieder and by Franz Wagner, respectively, against Herbert M. Kingsley and others for wages. From a judgment for plaintiff in each case, defendants appeal. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

George M. Pinney, Jr., for appellants.

August P. Wagner, for respondents.

BISCHOFF, J. Defendants are the proprietors of the Holland House, an hotel in the city of New York, and plaintiff entered their

employment as a waiter under an agreement in writing, which, in substance, provided that the employment should be by the day, and the compensation at the rate of $25 a month; that defendants reserved the right to discharge plaintiff at any time, in which event all future compensation was to cease, but that plaintiff should not be permitted to abandon the employment except upon three days' previous notice, in writing, of his intention so to do; and that, if plaintiff should abandon his employment without having given the notice, he should forfeit, by way of liquidated damages, all moneys then due and owing to him from defendants. Plaintiff continued in defendants' employment for 15 days, and thereafter instituted this action to recover the wages earned during that period. On the trial, he maintained that he was discharged, while defendants asserted that he left their employment voluntarily, and without having given the required three days' notice. There was considerable testimony which aimed to show that plaintiff did, and did not, read the agreement before its execution by him. This testimony, however, is wholly immaterial. The court below was without jurisdiction to rescind or reform the agreement. Ferree v. Ellsworth, (Com. Pl. N. Y.) 19 N. Y. Supp. 659. But, even in equity, in the absence of fraud, accident, surprise, or mistake, an agreement cannot be avoided merely because the party seeking to avoid it did not read the agreement before execution, and believed its contents to be different from what he subsequently discovered it to be. See cases collated in note to Spitze v. Railroad Co., (Md.; 23 Atl. 307,) 32 Amer. St. Rep. 379, 385. The agreement, therefore, must constitute the measure of plaintiff's rights, unless it, or some part of it, is inoperative for other reasons.

We cannot, however, regard the provisions of the agreement that for plaintiff's departure from defendants' employment without having given three days' previous notice, in writing, of his intention so to do, he should forfeit all moneys then owing to him, as anything but a penalty. The language used is immaterial, if the intention to provide a penalty is apparent. Whether or not, therefore, the sum stipulated to be paid or forfeited upon the breach of a contract is to be regarded as a penalty or damages, is a question mainly of the intention of the contracting parties, which must be ascertained from the contract itself, in the absence of ambiguity. Kemp v. Ice Co., 69 N. Y. 45; Lennon v. Smith, (Com. Pl. N. Y.) 1 N. Y. Supp. 97; 1 Suth. Dam. § 283. In the present instance the agreement did not name a fixed sum, which, within the range of reasonable probability, would represent the pecuniary estimate of the loss which defendants might sustain from plaintiff's breach of contract. It provided that plaintiff should suffer the loss of all moneys due him from defendants at the time of his departure from their employment, without reference to the extent of the injury, immediate or remote, which defendants might suffer from plaintiff's conduct. It might be, therefore, that the amount owing to plaintiff from defendants is outrageously in excess of any loss which the latter have sustained, or in all reasonable probability could sustain; and still, if the letter of the agreement was

permitted to be controlling, plaintiff would be without redress. Assuredly, such a provision is intended to mete out punishment, rather than to afford compensation. Having reached the conclusion that the agreement provided for a penalty, and not for liquidated damages, and observing that this action was brought to recover for accrued wages, and that no counterclaim was pleaded or attempted to be established on the trial, it follows that it was immaterial whether plaintiff was discharged, or voluntarily left defendants' employment. The judgment should therefore be affirmed, with costs.