### GODT v. HENIGSON.

(Supreme Court, Appellate Term. May 14, 1912.)

1. MASTER AND SERVANT (§ 73*)—REMUNERATION—CONTRACT.

Where plaintiff up to the time of abandoning his employment had faithfully performed his duties, he was entitled to recover a sum retained by his employer from his wages as security for such faithful performance.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 90–102; Dec. Dig. § 73.*]

2. MASTER AND SERVANT (§ 73*)—LIQUIDATED DAMAGES AND PENALTIES—CONSTRUCTION OF CONTRACT.

A contract of employment, construed as providing that, should the employé abandon his employment, he should forfeit the amount which had been deducted from his weekly salary as security, provided for a penalty and not for liquidated damages, which could not be retained where it bore no relation to any loss the employer might sustain.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 90–102; Dec. Dig. § 73.*]

Appeal from City Court of New York, Trial Term.

Action by Osias Godt against Samuel Henigson. From an order of the City Court of the City of New York denying a motion for a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Charles Eno, of New York City, for appellant.
Eugene L. Bondy, of New York City, for respondent.

SEABURY, J. This action was brought to recover damages caused by the wrongful discharge of the plaintiff from the defendant's employ, and also to recover the sum of $175, the aggregate amount retained by the defendant from the wages of the plaintiff, at the rate of $5 per week, as security for the faithful performance of the contract between the parties. The answer denied that the defendant dis-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

charged the plaintiff, and pleaded that the plaintiff did not faithfully perform the contract, and abandoned the defendant's employ. The jury returned a verdict in favor of the defendant.

[1] Upon the proof adduced, we think that, assuming that the plaintiff did abandon the defendant's employ, he was, nevertheless, entitled to recover the money which had been deducted by the defendant, and retained by him as security for the faithful performance of his duties. Up to the time when the plaintiff abandoned his employment, he had faithfully performed his duties, and he was, therefore, entitled to his full wages for the time that he had been in the defendant's employ.

[2] If the contract of employment is to be construed as meaning that, if the plaintiff abandoned his employment, he should forfeit the sum which had been deducted from his weekly salary as security, then it provided for a penalty, and not for liquidated damages. Schmieder v. Kingsley, 6 Misc. Rep. 107, 26 N. Y. Supp. 31.

The sum retained as security bore no relation to any pecuniary estimate of the loss which the defendant might sustain by reason of the plaintiff's breach of contract.

Order reversed and new trial ordered, with costs to the appellant to abide the event. All concur.