LUCIAN RESSIG, Respondent, *v.* WALDORF-ASTORIA HOTEL COMPANY, Appellant.

First Department, November 22, 1918.

Contract — contract of employment construed — liquidated damages — forfeiture of wages due by breach of contract.

Where a written contract of employment from month to month at a certain sum per month, provides that the plaintiff may terminate the same only at the end of any month by eight days' previous notice in writing, and he agrees among other things not to participate either directly or indirectly in a strike against the defendant, and that in the event of his failure to comply with the contract he will forfeit as liquidated damages all wages due, and it appears that payments were made on the tenth day of each succeeding month; that the last payment was on the tenth of April, and that on the second of May following the plaintiff joined in a strike and left defendant's employ, without cause, and without giving the notice which he agreed to give, his complaint in an action for wages alleged to be due should be dismissed because the provision for liquidated damages is a bar, and also because of the failure of the plaintiff to show performance on his part.

Either of the breaches of the contract by the plaintiff was calculated to result in damage to his employer of an uncertain amount, and, therefore, afforded an adequate basis for an agreement with respect to liquidated damages.

If the plaintiff had a cause of action a counterclaim by the defendant for damages caused by the plaintiff's breach of the contract was erroneously dismissed.

If the plaintiff's action involved a monthly installment which became due and payable before any breach of the contract by him, his right to recover cannot be defeated by proof of a subsequent breach by him, and the employer's remedy in such case would be to counterclaim for its damages for the subsequent breach.

If the contract cannot be sustained on the theory of a forfeiture of the wages as liquidated damages, it should be construed as an agreement on the part of the plaintiff that the wages for the period in question should not become due and payable in the event of such breaches of the contract on his part.

PAGE, J., dissented, with opinion.

APPEAL by the defendant, Waldorf-Astoria Hotel Company, from a determination of the Appellate Term of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 2d day of January, 1918, affirming a judgment of the Municipal Court of the

City of New York, Fourth District, in plaintiff's favor rendered at a trial before the court without a jury.

*George C. Lay* of counsel [*Francis S. Hutchins* with him on the brief; *Baldwin & Hutchins*, attorneys], for the appellant.

*William Karlin* of counsel [*Benjamin Stein* with him on the brief], for the respondent.

LAUGHLIN, J.:

The record contains no complaint, either in writing or oral; but it contains a bill of particulars showing that plaintiff claimed to have been employed by defendant at seventy-five dollars per month, and that the action was brought to recover seventy-nine dollars and twenty-five cents for wages. The defendant pleaded that the contract of employment was in writing and was for a hiring from month to month terminable by plaintiff only at the end of any month by eight days' previous notice in writing, and that he agreed, among other things, that he would not participate, either directly or indirectly, in a strike against the defendant, and that in the event of his failure to comply with the contract he would forfeit as liquidated damages all wages due; that on the 2d of May, 1917, without the consent of the defendant or just cause, plaintiff aided and participated in and joined a strike against the defendant and voluntarily left its employ without having given said notice. Defendant also pleaded a counter-claim for one hundred and thirty-two dollars and fifty cents for damages sustained through plaintiff's said breaches of the contract.

The plaintiff entered the defendant's employ on the 12th of November, 1915, under a contract in writing and continued in its employ thereunder until November 1, 1916, when another contract in writing was made between them under which the employment was continued until the 1st of January, 1917, when a third contract in writing was made under which he continued in the employ of the defendant as sauce cook until about six-thirty P. M. on the 2d day of May, 1917, when he joined in a strike against his employer called by a union to which he belonged known as the Enterprise Federation of the Culinary and Alimentary Syndicates. No fixed period

of employment was specified in the contract. The defendant thereby agreed to employ the plaintiff from month to month at the monthly wage of seventy-five dollars, unless the contract should be terminated as therein provided. With respect to terminating the employment the contract provided that the employer might terminate it without previous notice, in which event the employee was to receive an extra day's pay, and that the employee might terminate it at the end of any month by giving eight days' prior notice in writing. The plaintiff agreed to observe the rules and regulations of his employer; that it might search his trunk, clothing, effects and person; that he would deliver to it any money or other property he might find in the hotel; that he would not become affiliated with the International Hotel Workers' Union or any kindred organization or directly or indirectly aid or participate in any strike against his employer, and that he would forfeit as liquidated damages all wages due in the event of his failure to comply with any of the provisions of the contract. The contract contained no provision with respect to the time the monthly wages were to become due and payable, but the plaintiff testified that the wages for each month became due and payable on the tenth day of the succeeding month and that payments were so made during the period of his employment. The last payment was on the 10th of April, 1917, and was for the month of March; he has recovered for the month of April and for the first and second days of May down to the hour he left at the contract rate, and the counterclaim was dismissed.

If the plaintiff has a cause of action, I am of opinion that the counterclaim was erroneously dismissed. The defendant showed that the strike occurred at the dinner hour when between 1,000 and 1,500 guests were waiting to be served; that it was obliged to hire a sauce cook at ten dollars per day for eleven days and at five dollars for four days thereafter to take plaintiff's place, and it thereby expended the sum of ninety-two dollars and fifty cents over and above the amount it would have been obliged to pay plaintiff as salary for the fifteen days.

But a more serious error was committed, for the complaint should have been dismissed. We are not now concerned with

what the rights of the parties might be for other violations of the contract. It is not disputed that plaintiff joined in the strike and left defendant's employ without cause and without giving the notice which he agreed to give. These are the breaches of the contract on which we are called upon to adjudicate. Either of such breaches was calculated to result in damages to the employer of an uncertain amount and, therefore, afforded an adequate basis for an agreement with respect to liquidated damages. It is contended, however, that the amount of the liquidated damages was not specified and that inasmuch as the contract required a forfeiture by the employee of all wages due at the time of the breach on his part, to give it effect might result in allowing the retention by the employer of an unreasonable amount in view of the damages to be apprehended. That might be so if the contract is to be construed as contemplating a forfeiture of all wages earned and unpaid through prior default of the employer to make the payments when due, but I think it should not be so construed. It was plainly contemplated that the wages earned should be paid monthly and the employer would have no right to withhold such payments on the theory of a possible future breach of the contract by the employee. The contract is to receive a reasonable construction, and so construed I think it means that the employee in the event of such breaches of the contract by him should forfeit any claim for services rendered down to the time of the breaches which had not theretofore become due and payable and had not remained unpaid through the failure of the employer to perform the contract on its part. So construed, the contract could in no event require a forfeiture of the plaintiff's wages for more than a month and ten days, or wages aggregating not to exceed $100. If, therefore, the provision be regarded as only for liquidated damages it would not, I think, be unreasonable and would bar a recovery by the plaintiff. (26 Cyc. 1046, 1047; *Walls* v. *Coleman,* 11 N. Y. Supp. 907; *Birdsall* v. *Twenty-third Street R. Co.,* 8 Daly, 419; *Gallagher* v. *Christopher & Tenth Street R. Co.,* 14 id. 366; *Pottsville I. & S. Co.* v. *Good,* 116 Penn. St. 385; *Harmon* v. *Salmon Falls Mfg. Co.,* 35 Maine, 447; *Hunt* v. *Otis Co.,* 4 Metc. 464; *Preston* v. *American Linen Co.,* 119 Mass. 400; *Schietenger* v. *Bridge-*

*port Knife Co.*, 54 Conn. 64; *Diamond State Iron Co.* v. *Bell*, 2 Marvel [Del.], 303; 43 Atl. Rep. 161.)

There is, however, another theory on which I think the complaint should have been dismissed. At the time the plaintiff joined in the strike and left defendant's employ, no wages were due him under the contract. He could not recover wages without showing performance of the contract on his part (*Seaburn* v. *Zachmann*, 99 App. Div. 218; *Milligan* v. *Sligh Furniture Co.*, 111 Mich. 629); but whether due performance to entitle him to recover wages required him to show that he gave the notice and did not participate in a strike, need not be decided, for assuming that those were matters of defense, which they probably were, they have been pleaded and shown by uncontroverted evidence. Undoubtedly the contract required the payment of the wages in monthly installments, and if the action involved a monthly installment which became due and payable before any breach of the contract on the part of the plaintiff his right to recover for the installment due and payable before such breach could not be defeated by proof of a subsequent breach by him, and the employer's remedy in such case would be to counterclaim or recoup for its damages for the subsequent breach. (*Crotty* v. *Erie R. R. Co.*, 149 App. Div. 262, 265; *Walsh* v. *New York & Kentucky Co.*, 88 id. 477; *Oliver* v. *McArthur*, 158 id. 241; *Mernagh* v. *Nichols*, 132 id. 509; *Delmar* v. *Kinderhook Knitting Co.*, 134 id. 558; *Clark* v. *West*, 137 id. 23; affd., in part, 201 N. Y. 569. See, also, *Tipton* v. *Feitner*, 20 N. Y. 423; *Seibert* v. *Dunn*, 216 id. 237.) There is no particular hardship to the plaintiff in the construction of the contract have indicated. We are not now concerned with an inexcusable violation of the contract by the employee, such as sickness, accident or otherwise, but with a willful violation calculated to result in damage to his employer. The courts of this State have never allowed a recovery by an employee for services rendered under a contract where he has abandoned performance during the entire period, performance during which was a prerequisite to a recovery, and I am of opinion that if the provisions of the contract could not be sustained on the theory of a forfeiture of the wages as liquidated damages, they should in any event be construed as an agree-

ment on the part of the plaintiff that the wages for the period now in question should not become due and payable in the event of such breaches of the contract on his part. (*Huntingdon* v. *Claffin*, 38 N. Y. 182; *Walls* v. *Coleman, supra; Preston* v. *American Linen Co., supra.*) Counsel for the respondent relies on *Schmieder* v. *Kingsley* (6 Misc. Rep. 107) and *Godt* v. *Henigson* (135 N. Y. Supp. 666). Those decisions were by courts of inferior jurisdiction, and if in point are not controlling; but they are both distinguishable on the facts, for the contracts on which those adjudications are based contained no provision relating to a strike and the litigations did not involve strikes. In both cases the provisions of the contracts were construed as providing for a penalty and not liquidated damages.

The determination of the Appellate Term and the judgment of the Municipal Court should, therefore, be reversed, with costs in this court and in the Appellate Term, and the complaint dismissed, with costs. Order reversing implied finding of performance of contract of employment by plaintiff, and that any sum was due him for salary or wages, and containing findings and legal conclusions in accordance with opinion, to be presented for settlement.

CLARKE, P. J., DOWLING and MERRELL, JJ., concurred; PAGE, J., dissented.

PAGE, J. (dissenting):

In my opinion the provision in the contract for the forfeiture of all wages due provides a penalty for the breach and not liquidated damages. When we are called upon to determine whether a forfeiture of an amount for the breach of a contract is to be considered a penalty or liquidated damages, it is not to be determined in the light of subsequent events. (*Dunn* v. *Morgenthau*, 73 App. Div. 147, 149; affd., on opinion below, 175 N. Y. 518.)

The wages due at the time the plaintiff left the defendant's employment would not have been an unreasonable amount to pay as damages for this breach of the contract. The contract, however, did not limit the sum to one month's wages nor to any definite amount, but provided for a forfeiture of all wages due at the time, regardless of amount. The

contract had numerous requirements, the violation of any one of which would subject the plaintiff to a forfeiture of all his wages, although some of them could not cause damage to the defendant. In my opinion the forfeiture provision of the contract was not to secure the admeasurement of damages, but to secure the performance through fear of the penalty.

While it is true that the plaintiff cannot recover wages for the month of May, nor any part thereof, because he left the employment during that month, the evidence shows that payments were made monthly on the tenth day of the month, but the period of service for which compensation was made was not measured from the tenth of one month to the tenth of the next. But the evidence is that on April tenth the wages for the month of March were paid. On the tenth of May the wages for the month of April would have been paid. Those wages were earned and the right to payment would not be defeated by his abandonment of the contract during the succeeding month.

In my opinion the judgment should be reduced to seventy-five dollars, with appropriate costs, and as so modified affirmed, with costs.

Determination and judgment reversed, with costs in this court and in the Appellate Term, and complaint dismissed, with costs. Order reversing implied findings and containing findings and legal conclusions in accordance with opinion to be settled on notice.