HIROSHI SAKURAI, Appellant, *v.* C. PLATOU COMPANY, INC., Respondent.

First Department, November 2, 1923.

Master and servant — action to recover traveling expenses — defendant notified plaintiff that he could not continue in its employ unless he waived claim for traveling expenses — plaintiff subsequently agreed to return to work at defendant's request if expenses were paid — question of fact whether defendant broke contract by refusing to pay any expenses or whether plaintiff breached contract by demanding exorbitant amount — oral evidence admissible to interpret meaning of " transportation expenses for the round trip of himself and all reasonable traveling expenses."

In an action to recover traveling expenses incurred by the plaintiff while working for the defendant, it appeared that the contract between the parties provided that the defendant would pay to the plaintiff " transportation expenses for the round trip of himself and all reasonable traveling expenses; " that plaintiff presented a bill for traveling expenses and defendant stated that plaintiff could not continue in its employ unless he waived his claim for such expenses; that the defendant contended that the traveling expenses claimed were exorbitant; and that thereafter defendant wrote to the plaintiff asking him to return and the plaintiff replied that he would do so if the defendant would send him a check for his traveling expenses.

*Held,* that it was error for the trial court to dismiss the complaint on the merits at the close of the plaintiff's case, since under the evidence an issue of fact was raised as to whether the defendant broke the contract by refusing to reimburse the plaintiff to any extent for traveling expenses or whether the plaintiff broke the contract by demanding payment of an exorbitant amount.

The clause in the contract in relation to the payment of traveling expenses is sufficiently ambiguous as to whether it includes living expenses while abroad to permit the introduction of oral testimony in aid of the claim of either party to determine the intention of the parties.

APPEAL by the plaintiff, Hiroshi Sakurai, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 18th day of November, 1922, upon the dismissal of the complaint upon the merits by direction of the court at the close of the plaintiff's case.

*Sutta & Frankel* [*Nathan Frankel* of counsel], for the appellant.

*Haight, Smith, Griffin & Deming* [*Lindsay D. Holmes* of counsel], for the respondent.

FINCH, J.:

This is an action by the plaintiff upon a written contract for reimbursement of certain traveling expenses. Said contract provided that the defendant should employ the plaintiff for the year 1920 at $30 weekly salary, and the further agreement to reimburse

the plaintiff upon his return from Japan to New York for " transportation expenses for the round trip of himself and all reasonable travelling expenses * * *." The plaintiff left for Japan about January 1, 1920, the beginning of his yearly employment, and returned on June fourth. He testified that about June sixth or seventh he asked the defendant for $600 on account of his disbursements, which amount he stated he needed to repay a loan from a bank in Japan, to which the defendant, in effect, replied that plaintiff could not continue in its employ unless he waived whatever moneys he claimed were due for traveling expenses. The position of the plaintiff was that this constituted a breach of the contract. The defendant on its part contended that the plaintiff had breached the contract by submitting an expense account of upwards of $3,000, which the defendant considered exorbitant. The trial court dismissed the complaint at the close of the plaintiff's case, apparently because, after the plaintiff had left the employ of the defendant, and on June fourteenth, he had written the defendant that as soon as they would send him a check for $3,000 for traveling expenses, he would be glad to continue working. In so doing, the learned trial court was in error, because, according to the plaintiff's testimony, the breach had already occurred before this, namely, when the defendant refused to reimburse him at all on account of his traveling expenses and thereupon he had left the employ of the defendant. Thereafter, and on June twelfth, the defendant had written him, asking him, among other things, to report for work again, and it was in reply to this letter that he had said he would be perfectly willing to report for work again if the defendant would send him a check for his expenses. There was thus raised an issue of fact as to whether the defendant had broken the contract by refusing to reimburse the plaintiff anything for traveling expenses, or whether the plaintiff had breached the contract by demanding payment of an exorbitant amount. This question of fact presents an issue for the jury. (*Kelly* v. *Spada*, 202 App. Div. 732; *Sigmon* v. *Goldstone*, 116 id. 490.)

The trial court also held as matter of law that the wording of the contract limited the expenses for which the defendant was liable to those incurred while actually traveling. It appears that the defendant claimed his total living expenses while abroad, it appearing that he spent several months in Tokio, living at a hotel and in a rented house. One portion of the phrase refers to " transportation expenses for the round trip " and another portion refers to " and all reasonable travelling expenses." Thus there is sufficient ambiguity in the wording of the contract to permit

the introduction of oral testimony in aid of the claim of either party to determine the intention of the parties. (*Wilcox* v. *Baer*, 85 Mo. App. 587.)

While it is not necessary to determine this question upon this appeal, yet, since a retrial must be had, it would seem that the provisions requiring the proper reimbursement of traveling expenses gave to the plaintiff a right to recover such upon the performance of this portion of the contract, and that if it should be found that thereafter the plaintiff subsequently breached the contract, the defendant's remedy in such case would be to counterclaim for damages for the subsequent breach. (*Ressig* v. *Waldorf-Astoria Hotel Co.,* 185 App. Div. 4; affd., 229 N. Y. 553.)

It follows that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and McAVOY, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.