LUCIUS POST, PLAINTIFF IN ERROR, V. THE CHICAGO &
NORTHWESTERN RAILROAD COMPANY, DEFENDANT
IN ERROR.

1. **Railroads:** SELLING TICKETS AT REDUCED RATES.    A regula-
tion of a railroad company providing for the sale of tickets at a
reduced rate upon condition that they be used only by the
persons purchasing the same is reasonable and proper, and a
third party cannot by purchasing such ticket acquire the right
to travel on the same. A party holding such ticket who refused
to pay his fare and was expelled from the cars cannot recover
damages therefor.

2. ———: NON-TRANSFERABLE TICKETS.    Where a non-transfer-
able ticket contained a condition that "I, failing to comply
with this agreement, either of the companies may refuse to ac-
cept this ticket," *Held,* That this did not give the conductor
the right to take it up, but merely to refuse to receive it.

3. ———: ———: DAMAGES.    The measure of damages in such
case would not exceed the value of a ticket of the same class be-
tween the points named.

ERROR to the district court for Douglas county.    Tried
below before SAVAGE, J.

*John I. Redick* and *W. J. Connell,* for plaintiff in error,
cited: *Du Laurens v. St. Paul R. R.,* 15 Minn., 49. *Van-
kirk v. Railroad,* 76 Penn. State, 66.    *Toledo & Wabash
R. R. v. Wright,* 34 American Reports, 285.

*E. Wakeley,* for defendant in error, cited: *Bissell v. R.
R. Co.,* 25 N. Y., 442.    *Dietrich v. Penn. R. R. Co.,* 71
P. St., 432.    *Goetz v. R. R. Co.,* 50 Mo., 472.    *R. R. Co.,
v. Fitzgerald,* 47 Ind., 79. · *Powell v. R R. Co.,* 25 Ohio
St., 70.

MAXWELL, J.

On the 7th day of January, 1879, one John Tristas pur-
·chased in San Francisco a third-class ticket *via* the Central

Pacific, Union Pacific, Chicago and Northwestern, Michigan Central, Canada Southern, N. Y., L. E. and Western railroad to Boston, the price paid being the sum of $66. This ticket contained the following conditions:

"Checks to be detached by conductors only. No stop-over privileges will be given on this ticket. Baggage checked only to destination. In consideration of this ticket being sold at a reduced price from the regular, full, first-class rate, I, the undersigned, hereby agree that it not be good for passage after 'Twenty' (20) days from (and including) the date indicated by the agent's punch marks in the margin, and that I will go through to place of destination by the proper train and connecting trains; also that this ticket is not transferable and shall become 'void' if not presented for passage on the trip for which sold, and that I failing to comply with this agreement, either of the companies may refuse to accept this ticket or any coupons (checks) thereof, and demand the full regular fare, which I agree to pay.                          "Signature,

"JOHN TRISTAS.
"Witness,
"H. P. STANSWOOD.
"DAIGHMAN.

"F. H. GOODMAN,
"Gen'l Passr. and Ticket Ag't C. P. R. R."

The price of a first-class ticket at that time over the same route is shown to have been the sum of $140, but the proof fails to show the price of a second-class ticket, or whether unlimited transferable third-class tickets were issued or not, and if so the price of the same. Tristas seems to have gone no farther than Omaha and there transferred his ticket to one Hobbie. Within twenty days from the date of issue Hobbie sold the ticket to the plaintiff for the sum of $25, the price of a regular ticket of the same class being about $30. The plaintiff commenced his journey over the defendant road, but at Denison the conductor, in

pursuance of directions from Council Bluffs, examined the ticket and enquired of the plaintiff if his name was Tristas.

In answer to the inquiry he frankly stated his name, and that he was not the original party to whom the ticket was issued. The conductor then put the ticket in his pocket, and informed the plaintiff that he must pay fare or leave the train. The plaintiff demanded the return of his ticket, which being refused, and the conductor insisting that he should either pay fare or leave, he left the train at that point. He then returned to Omaha, and commenced this action. On the trial of the cause, the jury returned a verdict for $31.70, upon which judgment was rendered. The plaintiff brings the cause into this court by petition in error.

The errors relied upon are that the court erred in giving certain instructions, and in refusing those asked by the plaintiff.

The instructions are as follows:

1. If you find from the testimony that the ticket in question in this case was a third-class or "emigrant" ticket, which had been sold at a reduced rate to a person in San Francisco other than the plaintiff, and said ticket was by its terms not transferable, and the purchaser thereof in San Francisco, in part consideration of such sale at a reduced price, agreed that it should not be transferable, and you further find that the plaintiff purchased in Omaha from some person other than defendants or their authorized agent, and offered and attempted to use it as entitling him to passage from Omaha to Chicago on the defendant's road, and refused to pay his fare on the defendant's road and did not pay his fare, then the defendants were not under obligations to allow the plaintiff to ride upon such ticket, and upon such refusal to pay fare, had a right to require the plaintiff to leave the train, and he can recover no damages based on the fact that he was so required to leave.

2. The taking up of the plaintiff' sticket, however, was

a wrongful act on the part of the defendants, for which they are liable to plaintiff.

3. The measure of damage to which the plaintiff is entitled for the taking of such ticket would be the value thereof, which would not exceed the price of a third-class or emigrant passage from Omaha to Boston with interest to the first day of this term.

Every railroad has a right to adopt rules and regulations for the management of its business, provided such rules are not unreasonable, are within the scope of the powers of the corporation, and are not in conflict with the laws of the state. *Elwood v. Bullock*, 6 Q. B., 383. *Navigation Co. v. Pilling*, 14 M. & W., 76. 1 Redfield on Railways, 95.

The question whether rules are reasonable or not is a mixed question of law and fact, and is to be determined by the jury under the instructions of the court. *Day v. Owens*, 5 Mich., 520. *Jencks v. Coleman*, 2 Sumn., 221. *Bass v. C. & N. W. R. R. Co.*, 36 Wis., 450. Thompson Carrier of Passengers, 335.

In *Day v. Owen* it is said the reasonableness of a rule or regulation is a mixed question of law and fact, to be found by the jury on the trial, under the instructions of the court. It may depend on a great variety of circumstances, and may not improperly be said to be in itself a fact to be adduced from other facts.

A regulation of a railroad company providing for cheaper rates of fare between certain points, provided the ticket is used alone by the person purchasing the same and within a certain number of days from the date of issue, is reasonable and proper. It gives the purchaser the benefit of lower rates, while the railroad companies being advised of what tickets have been sold and their character, are enabled without inconvenience to provide the necessary means of transportation. The contract being that the ticket was to be used alone by Tristas, no one else could acquire the right, by the assignment of the same, to be carried over

the defendant's road. The plaintiff, therefore, having no right to use the ticket in question for the purpose of being carried to Chicago, is not entitled to recover damages because he was required to leave the train.

There is no error therefore in the first instruction.

There is no error in the second instruction.

The terms of the contract are "the companies may refuse to accept this ticket," not that the company shall have the right to take it up. Although it gave no right to the plaintiff to travel on the defendant's road, still it was his, and if in his possession might be sufficient to enable him to recover the purchase money from the person selling him the ticket. But the measure of damages in such case in an action against the railroad company could not exceed the value of a third-class ticket from Omaha to Boston. The measure of damages was correctly stated in the third instruction.

The instructions asked on behalf of the plaintiff were not applicable to the testimony, and were properly refused.

The judgment must be affirmed.

JUDGMENT AFFIRMED.