BOSTON AND MAINE RAILROAD vs. ROBERT W. CHIPMAN.

Suffolk.     January 11, 1888. — January 12, 1888.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Railroad — Coupon Ticket — Evidence — Waiver.*

A condition on a railroad coupon ticket that the coupons are to be "detached by or in the presence of the conductor, and will be accepted for passage only when accompanied by this ticket," is reasonable and valid.

The holder of such a coupon ticket tendered as his fare a detached coupon, which the defendant refused to take unless the ticket was shown. Evidence was offered, in an action for the fare, that the conductor had accepted such coupons on prior occasions from the holder and others, and on the same occasion from others, in payment of fares, without demanding the tickets. *Held*, that the conductor was not required to accept the detached coupon and could demand the production of the ticket, and that the evidence would not justify a finding of a waiver of the condition.

CONTRACT to recover twenty-nine cents, the fare between Boston and Melrose Highlands. Trial in the Superior Court, on appeal, without a jury, before *Mason*, J., who reported the case for the consideration of this court, in substance as follows:

The following facts were admitted by both parties. The plaintiff operates a railroad, and had established reasonable rates for the transportation of passengers; the fare between Boston and Melrose Highlands for those paying their fare upon the train being twenty-nine cents.

The plaintiff had previously sold to the defendant, and many others, books containing coupons. The outside cover of the book bore the inscription, "Boston and Melrose Highlands," and on the inside of the cover was printed the following: "One hundred-ride ticket, Boston and Maine Railroad, good for one ride, and an additional ride for each coupon attached, between Boston and Melrose Highlands, continuous passage. Coupons to be detached by conductor only. (1200) D. T. Flanders, Gen. Ticket Agent." Each coupon was of the form following: "B. & M. R. R. I (1200) II Not good if detached." Upon the third page of the cover was printed, "Notice to passengers. Passengers will please take notice that the coupons attached hereto are to be detached by or in the presence of the

conductor, and will be accepted for passage only when accompanied by this ticket."

This book, with coupons entitling the owner to one hundred rides between Boston and Melrose Highlands, was sold at a price less than that of one hundred separate single tickets between the same places.

When the conductor of the train on which the defendant was transported demanded of the defendant his fare, on March 20, 1886, the latter tendered for such fare a coupon which he had detached from a book, then in his possession, similar to that described above. The conductor declined to receive this coupon as a fare, unless the defendant would exhibit the book from which he had detached the coupon, but offered to receive it in payment of fare if the defendant would exhibit such book. The defendant declined to do this, and refused to pay his fare in any other manner, and has not paid it, unless the tender above described amounts to payment.

The defendant offered evidence tending to show that, for a long time next prior to March 20, 1886, it had been the custom for passengers, including the defendant, to detach coupon tickets and pay their fares therewith, without showing their books to the plaintiff's conductor, he not having demanded to see the books. The defendant had so paid his fares for a long time next prior to March 20, 1886, without objection or warning not to detach the coupon, and without being requested to exhibit his book; and, at the time referred to, other passengers on the same car gave coupons detached by them in payment of their fares, and the same were received without objection and without their being requested to show their books. This evidence was excluded.

Upon the facts admitted, the judge found for the plaintiff, and assessed damages in the sum of twenty-nine cents. If the evidence excluded was properly excluded, and the finding upon the admitted facts was correct, judgment was to be entered for the plaintiff for twenty-nine cents; otherwise, a new trial was to be had.

*W. S. Stearns & J. H. Butler*, (*W. H. Stearns* with them,) for the defendant.

*S. Lincoln*, for the plaintiff.

By the Court. The contract, of which the book and the coupons therein sold to the defendant by the plaintiff are the evidence, is a reasonable and valid one. Under it the plaintiff's conductor was not required to accept as the defendant's fare a detached coupon, and had at least the right to demand that he should produce and show the book.

There was no evidence which would justify the finding that the plaintiff had rescinded or waived any of the conditions or terms of the contract.            *Judgment for the plaintiff.*