## H. E. DRUMMOND, RESPONDENT *v.* SOUTHERN PACIFIC COMPANY, APPELLANT.

RAILROADS.—CONDITIONAL TICKET.—FORFEIT.—A contract ticket providing that if it is presented by any other person than the original holder it shall be void, and the conductor shall take it up and collect full fare, is valid.

ID.—ID.—AGREEMENT OF UNAUTHORIZED AGENTS.—Where an unauthorized agent of another road than the defendant assured the purchaser of a ticket already used for part of a trip and conditioned to be void if presented by any other person than the original purchaser, that the ticket would be honored and gave the purchaser a letter to the conductors of the defendant road, and the purchaser; relying upon these representations, bought the ticket and attempted to ride upon it, *held* that the defendant company was in no way bound by the representations.

ID.—ID.—SIGNING OF TICKET.—The fact that the ticket was not signed by the original purchaser, made no difference since the purchaser in accepting a ticket, where the contract was set out in full, accepted the terms of the contract and was bound by them.

ID.—ID.—CONDUCTOR TAKING UP TICKET.—The conductor had a right to take up the ticket presented by a person other than the original purchaser, and plaintiff could not have been damaged because the ticket was returned to him.

APPEAL from a judgment of the district court of the first district and from an order overruling a motion for a new trial. The opinion states the facts.

*Messrs. Marshall and Royle,* for the appellant.

*Mr. Thomas Maloney, Mr. A. Perrin,* and *Mr. John N. Perkins,* for the respondent.

BLACKBURN, J.:

Plaintiff purchased of a ticket broker in Salt Lake City, in May, 1889, two tickets to San Diego, Cal., for himself and wife, over the defendant company's road. They rode on them to Promontory, and the conductor refused to honor the tickets, and took them up, and required the plaintiff to pay full fare for himself and wife to their destination, or be put off the train. The plaintiff paid the fare, and this suit is brought to recover damages for this breach of duty as claimed by the plaintiff. The plaintiff recovered judgment below, and the defendant appeals, asserting that it was the duty of the conductor to refuse to honor the tickets and take them up, and compel the plaintiff to pay full fare or leave the train. The tickets were contract tickets, and among others contained this condition: "(3) If not so used, if more than one date is canceled, or if presented by any other person than the original holder, this ticket is void, and the conductor will take up and collect full fare." This class of tickets are usually signed by the purchasers, but these were not. These tickets were sold at Blue Rapids, Kan., by an agent of the Union Pacific Company, and used to Salt Lake City, and there sold to the ticket broker. Before purchasing the tickets the plaintiff went to the ticket office of the Union Pacific Company at Salt Lake City, with the ticket broker, and had the following conversation and the following transaction: Saw Mr. Ingalls, who was an employé of the said company, and told him the plaintiff wished to purchase those two tickets. He looked at the tickets, and saw where they were sold and said: "All right. You can sell them, and we will guaranty you will get through all right. We will limit these tickets, and have Mr. Drummond sign them, and will give a letter to Mr.

Drummond to the conductors on the Central Pacific Railroad, authorizing them to honor these tickets." Mr. Ingalls gave the letter, and Mr. Drummond signed the tickets and bought them. The letter was signed by Parker per Ingalls, and Parker swears positively he had no authority to sell tickets over the road of defendant company. The letter spoken of was not introduced in evidence, and we cannot tell its contents.

The question is, was it the duty of the defendant to honor these tickets although presented by persons other than the original purchasers? They were through tickets, and were sold for a less price than the local fare; and the purchaser agreed not to sell them, and the tickets stated on their face that they were non-transferable. The purchaser, when he bought these tickets, knew that he had no right to ride part way upon them, and sell them for the rest of the way; and the plaintiff knew, by the terms of the tickets, he had no right to buy them; but, anxious to ride to his destination for less than the regular fare, he considered the matter, and bought on the opinion of a man wholly unauthorized to bind the defendant company. And his suspicions should have been aroused by the conduct of the pretended agent, because, if the tickets were entitled to be honored on their merits, a letter to the conductor was unnecessary, and, if not, the officious letter of the pretended agent would be unavailing, and this ought to have suggested to him that the tickets would be dishonored unless by the influence of this letter the conductors would be induced to neglect their duty. This class of contract tickets is valid, and common carriers are authorized to enforce them. *Post* v. *Railroad Co.,* 14 Neb. 110, 15 N. W. Rep. 225; *Elmore* v. *Sands,* 54 N. Y. 512; *Railway Co.* v. *Chipman,* 146 Mass. 107, 14 N. E. Rep. 940; *Hill* v. *Railway Co.,* 144 Mass. 284, 10 N. E. Rep. 836; *Cody* v. *Railway Co.,* 4 Sawy. 114.

But it is contended that the ticket agent at Blue Rapids, Kan., sold without requiring the purchaser to sign the contract. We think this makes no difference. He took them at a less price than the regular fare. The terms of the contract are set out in full, and we think, by accepting the tickets without signing, he accepted the terms of the contract, and was bound by them. *Railroad Co.* v. *Read,* 37 Ill. 484, 485; *Railroad Co.* v. *McGowan,* 26 Amer. & Eng. R. Cas. 274; *Mosher* v. *Railroad Co.,* 127 U. S. 391, 8 Sup. Ct. Rep. 1324. The court instructed the jury in opposition to these views, and in that regard his instructions are erroneous. We also think there is no evidence in the record to support the verdict.

But it is claimed that the conductor took up the tickets, and therefore the plaintiff should recover. But he had a right to do that under the contract, and the plaintiff was not damaged, as he had the tickets at the trial, and introduced them in evidence. As this error disposes of this case, we deem it unnecessary to pass upon the other alleged errors. The case is reversed, and a *venire de novo* awarded.

Zane, C. J., and Anderson J., and Miner, J., concurred.