PEOPLE ex rel. WELLS v. BOARD OF ASSESSORS OF CITY OF UTICA et al.

(Supreme Court, Appellate Division, Fourth Department. March 21, 1900.)

**1. MUNICIPAL CORPORATIONS—ASSESSMENT FOR SIDEWALK—PLANS AND SPECIFICATIONS.**

The fact that the resolution of the common council of a city, directing the city surveyor to make plans and specifications for the construction of a sidewalk on a certain street, authorized the latter to determine what part of the street the plans and specifications should cover, is immaterial as affecting the validity of an assessment for the sidewalk, since the council might adopt or refuse to adopt the plans and specifications when made.

**2. SAME—EXTENT OF IMPROVEMENTS—UNCERTAINTY.**

The fact that the heading of the specifications for a sidewalk on a certain street contained the words, "except where good walks now exist," does not create any uncertainty as to where the walk was to be built, so as to invalidate the assessment therefor, where the plans showed precisely the location and extent of the walk proposed to be built.

**3. SAME—DELEGATION OF POWER.**

Where the specifications for a sidewalk on a certain street show precisely the location and extent of the walk to be built, the fact that the resolution directing the work required the construction of the walk on such street "except where good walks now exist" does not invalidate the assessment therefor on the ground that the power was delegated to the contractor of determining where "good walks existed," and where he should build, when the resolution also directed that the work was to be done according to the plans and specifications.

Application by the people, on the relation of Solomon G. Wells, against the board of assessors of the city of Utica, for a hearing pursuant to Code Civ. Proc. § 2138, on the return to a writ of certiorari to review a local assessment for building a sidewalk in front of relator's premises. Proceedings confirmed, and writ dismissed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

William Townsend, for relator.

G. C. Morehouse, for defendants.

WILLIAMS, J. A hearing pursuant to section 2138, Code Civ. Proc., upon the return to a writ of certiorari to review a local assessment for building a sidewalk in front of relator's premises in the city of Utica. There is no dispute but that the relator was the owner of the property assessed on the west side of Genesee street, and that the sidewalk was built by the city in front of such property. Practically the only question raised by the relator is that the assessment was invalid because the plans and specifications and the ordinance directing the work did not indicate where the sidewalk was to be built, and the power to determine such question was delegated by the common council to the city surveyor, or some one else. The charter required the common council, before passing an ordinance directing the work, to cause plans and specifications to be made and filed with the city clerk, and notice thereof, and for proposals for the work, to be given by the clerk. The common council passed a resolution giving these directions in the following language:

"Resolved, that the city surveyor be directed to prepare the necessary plans and specifications for the construction of a plank sidewalk four feet wide on the westerly side of North Genesee street, except where good walks now exist, and file the same with the city clerk; and when so filed the clerk is hereby directed to publish the requisite legal notice for proposals for constructing the same."

It is not very material whether this resolution gave the city surveyor power to determine what part of the street the plans and specifications should cover or not, because the common council might adopt the plans and specifications when made and filed, or refuse to do so. It was only necessary that the plans and specifications should be specific, and should show where the walk was to be built, and then the passing of the ordinance based thereon would show that the walk was to be built where the plans and specifications indicated. The words in the resolution, "except where good walks now exist," therefore could do no harm, were surplusage, or at most permitted the city surveyor to examine, and by his plans and specifications advise the common council where good walks did not exist. The determination as to the locality where the walk was to be built would then be made by the common council itself. Pursuant to this resolution, plans and specifications were made by the city surveyor, and filed with the city clerk, and the city clerk gave the notice directed. The specifications had in their heading the same words, "except where good walks now exist," but this is of no consequence, provided the plans showed the location and extent of the walk proposed to be built. The plans certainly showed the part of the street in which the walk was to be built, the distance from the margin of the street, from the row of willow trees, and from the street-railroad track. They also showed the walk was to be a continuous one, commencing at the end of an existing sidewalk and extending thence northerly, 1,230 feet (by scale). They showed also the distance the place of commencement was from the most southerly willow tree (by scale). This would seem to be definite enough to comply with any technical objection made to the plans. There seems really to have been no difficulty at the time in ascertaining where the work specified in the plans was to be done. The proposals were made, the contract awarded, and the walk was built. The work was done in front of, and was assessed against, four different pieces of property, two of which were concededly owned by the relator. In addition to this, the return stated just where the new walk began, where the existing sidewalk was, and the assessment names the same place, and makes the walk 1,230 feet long in all. The plans sufficiently located the walk to be built, and therefore the words in the heading of the specifications could create no uncertainty as to the work to be done. The form appears to have been carried along from the original resolution, was surplusage, delegated no power to any one to determine where any walk was to be built, and could injure no one. With plans therefore precisely locating the walk to be built, and proposals for doing the work before them, the common council passed the ordinance directing the work to be done, in the words following:

"The common council of the city of Utica does hereby ordain that there be constructed the following named improvements: Plank sidewalk, four feet wide, on the northwest side of North Genesee street, except where good walks now exist, to be completed on or before July 27, 1898; the above work to be done according to the plans and specifications on file with the city clerk, and to be assessed in accordance with the provisions of the city charter."

These words objected to were carried into the ordinance also, and it is said that they delegated to the contractor the power of determining where "good walks existed," and where he should, therefore, build. The words were, however, without meaning in the ordinance, except to continue the form introduced in the original resolution, because the plans and specifications were made a part of the ordinance by its providing the work should be done according to the plans and specifications; and the plans expressly showed where the existing sidewalk was, and where the new walk to be built was. Reading the whole ordinance, including the plans and specifications, together, there was nothing left uncertain, or for the contractor to determine, as to where he was to build. He was to build the new walk as it was laid down and described on the plans; nothing more, nothing less. The common council itself determined what walk was to be built. It delegated nothing in this respect to the city surveyor, or contractor, or any one else. It seems to us, therefore, that the objections made by the relator to the legality of the assessments are not well taken.

We have not regarded it as necessary to pass directly upon the questions raised about the contents of the return in so far as it states as matter of fact that no sidewalk had ever before been built in front of the relator's property, and aids the plan in the location of the two ends of the walk built by the contractor, and for which the assessment was made. It does not seem necessary to do so in the view we have taken of the case. There does not appear to be any real merit involved in this review on the part of the relator. The walk has been built; the city is liable for, or has paid for it; and the relator seeks to avoid paying for it, as required by the charter, upon technical questions. We do not think he can succeed.

We have also intentionally refrained from passing upon the questions raised by the defendants, because we have preferred to determine the matter on what might be called the "merits," rather than any questions that may be called "technically raised" by the defendants.

The proceedings should be confirmed, and the writ dismissed, with $50 costs and disbursements. All concur.