Samuel J. Kopetzky and Another, Plaintiffs, *v.* The Cunard Steamship Company, Limited, Defendant.

City Court of New York, New York County, March 5, 1928.

Carriers — carriers of passengers — baggage — limitation of liability — steamship passenger ticket limited claim to twenty pounds for luggage damaged in event that passenger did not declare in excess of that amount when purchasing ticket — contract is not against public policy or unreasonable — answer setting up contract as defense to action for loss of contents of trunk proper.

Plaintiffs in June, 1927, purchased from defendant steamship company transportation from New York to Europe and return. The contract of carriage provided that the company would not be liable for loss or injury to or delay in delivery of luggage or personal effects of the passenger beyond the amount of twenty pounds sterling for first class passage, unless the value of the same in excess of that amount was declared before the issuance of the ticket. This is an action to recover for damages to the contents of the plaintiff's trunk to the extent of more than $2,000 in which it does not appear that plaintiff declared any value of the trunk in excess of twenty pounds sterling.

Since the contract is not against public policy or unreasonable, particularly where it was entered into by the plaintiff with care and deliberation, plaintiffs' motion to dismiss defendant's answer setting up said contract as a defense must be dismissed.

Motion by plaintiffs to strike out answer in action to recover for damages to trunk.

*Arnold Lichtig* and *Herbert A. Mossler* [*Arnold Lichtig* of counsel], for the plaintiff.

*Lord, Day & Lord,* for the defendant.

Ryan, J.  Plaintiffs move to strike out the first defense and the answer on the ground that the provisions contained in the clause therein quoted " are unreasonable and arbitrary and, therefore, can be resisted by the passenger." In June, 1927, plaintiffs purchased of the defendant transportation from New York to Europe and return passage during the month of September. The complaint alleges damages to the contents of plaintiff's trunk to the extent of $2,664. The defendant's answer sets up a general denial and for a first and separate defense alleges that said contract of carriage contained the following clause: " Neither the shipowner nor the passage broker or agent is in any case liable for loss of or injury to or delay in delivery of luggage or personal effects of the passenger beyond the amount of £20 for first class and £10 for second or one class cabin passengers, unless the value of the same in excess of that sum be declared at or before the issue of this contract ticket,

and freight at current rates for every kind of property (except pictures, statuary and valuables of any description, upon which one per cent. will be charged) is paid." And further alleges "that plaintiff did not declare in writing any value of said trunk in excess of £20." Contracts of carriage, like other contracts, must be just and reasonable. It will not be disputed that carriers of passengers by specific regulations brought to the knowledge of the passenger or of which the passenger may well be presumed to have knowledge and which are just and reasonable in their character may protect themselves against loss of baggage exceeding a fixed amount in value. The plaintiffs purchased the transportation in June and paid to the defendant for the return passage the sum of $950.50. The transaction we may, therefore, assume was conducted with care and due consideration. The contract of transportation was no small sheet of paper, and in display type states that it is " Passengers Contract Ticket." It contained a great deal of printed matter with the name of the vessel, ports of departure and arrival and date written in, together with the words " In consideration of the sum of $950.50 paid in America " the persons named shall be provided with I Class Cabin Passage in the ship named, with space " for luggage," etc. It further contained the names of the plaintiffs and their postal address in Europe. Then under " Notice to Passengers " " This contract ticket is subject to the following conditions " is the clause designated number 5, above quoted. That the plaintiff understood it was a contract containing stipulations which would determine his rights with the defendant in relation to the carriage of his baggage on the return voyage is not questioned. But he says the clause was *unreasonable* in that it required him to declare in June in New York what the value of his trunk would be in September when about to embark from Cherbourg. The exact language employed in the contract limiting defendant's liability does not appear to have been passed upon in any reported case. The argument presented by plaintiff's counsel is ingenious and he submits authorities which by analogy, it is claimed, support his contention of the unreasonableness of the clause under consideration. Certainly the wording is not against public policy. There was no obligation on his part to purchase or for the defendant to sell return passage at that time. However, such a contract was made, and it seems but reasonable to say that the convenience of the plaintiff was served to the extent of assuring him return accommodations at a time and by a vessel of his own selection. The defendant cites the case of *Tewes* v. *North German Lloyd S. S. Co.* (186 N. Y. 151). In that case the contract of passage contained a clause similar to the one under discussion,

but with the additional words " or at or before the delivery of said luggage to the ship " and the Court of Appeals held that to be a reasonable provision. Here we have a provision bare of the words constituting the alternative and the plaintiff seeks to distinguish that authority because of the additional words contained in the clause referred to, in that the plaintiff was given the option of declaring the value in excess of twenty pounds in France at the time of embarkation. But as was said in the prevailing opinion in that case (WERNER, J.): " There is a just and logical distinction between an ordinary railroad ticket, which may often be regarded as a mere token, and a passage ticket for an ocean voyage, the sale and purchase of which is usually conducted with such caution and deliberation as to invest the transaction with the elements of a contract, the terms of which the purchaser has ample opportunity to ascertain and understand." (Citing cases.) That the contract was entered into by the plaintiff with care and deliberation must from all the circumstances be assumed, and that he had knowledge of its terms and conditions must also be assumed, while at the same time opportunity was afforded him to refuse that stipulation if he considered it unreasonable when purchased in June. That he did not so deem it is apparent when he paid the substantial consideration mentioned, accepted the contract ticket and actually used same for the voyage. As was said in *Fonseca* v. *Cunard S. S. Co.* (153 Mass. 553, 555): " It has often been decided, that one who accepts a contract, and proceeds to avail himself of its provisions, is bound by the stipulations and conditions expressed in it, whether he reads them or not. * * * This rule is as applicable to contracts for the carriage of persons or property as to contracts of any other kind." A case somewhat analagous to this is *Lindsey* v. *Maine S. S. Co.* (88 N. Y. Supp. 371), in which plaintiff bought a round-trip steamship ticket which limited the carrier's liability for loss of baggage to $100. She proceeded to Portland and several months thereafter returned to New York on the strength of the return trip portion of the ticket. On this return trip her trunk was lost, presumably through the negligence of the carrier. Nevertheless, the court held that under the contract defendant's liability was limited to the sum of $100. As a result of a comprehensive examination of analogous authorities it seems to me that the clause under consideration is not an unreasonable one, and the motion should, therefore, be denied, but without costs.