Adlow, J.
Action of contract in which plaintiff seeks to recover for damages to his automobile resulting from the theft of same from a parking lot operated by the defendant. In addition to a general denial the defendant alleged in its answer a special contract with the plaintiff evidenced by the conditions printed on the receipt given to plaintiff at time he parked car.
There was evidence that at 3 P. M. on September 1, 1939 the plaintiff left his car with the attendant in charge of the defendant’s parking lot located at the corner of Beach Street and Atlantic Avenue in Boston; that he told the attendant that he would be back for the car at 6 P. M. and the attendant told him he would be there; that the plaintiff paid a parking fee of twenty-five cents, left his key in the car, and received a parking ticket from the attendant. The ticket was numbered 726 and read as follows: “Parking contract, read it. We are not responsible for the car, its accessories or contents while parked on our lot. No employee has any authority to vary or to increase our lia *339 bility”. The plaintiff testified that he did not read the ticket but put it in his pocket; that he came back between 5:50 and 5:55 P. M.; that the attendant was not there; and that the car was not there. The next day the car was found in a damaged condition. There was evidence that the plaintiff had parked his car at this lot on several other occasions, had received a ticket each time, but had never read the printed matter on the receipt. At the close of the evidence the defendant requested the court to rule in effect that (1) the plaintiff has not maintained the burden of proving that the defendant was negligent and that such negligence caused the alleged theft or damage to the plaintiff’s automobile, and (2) that the plaintiff was bound by the stipulations on the parking ticket. The court refused to rule as requested, and found for the plaintiff. The defendant duly requested a report on the court’s rulings.
When the defendant accepted the plaintiff’s car into its custody on the payment of a fee it became a bailee for hire and was bound to exercise due care so that it might return the car to the plaintiff in as good condition as when received. (Doherty v. Ernst, 284 Mass. 341.) It has been urged by the defendant that the parking ticket received by the plaintiff contained a provision exempting the defendant from responsibility for loss by damage or theft and that the acceptance of this receipt by the plaintiff is conclusive of his rights. But we cannot agree. In this Commonwealth parties to a contract may change, modify, or waive the legal incidents of a contract by agreement. (Conway Bank v. American Express Co., 8 Allen 512, 516; Clarke v. Ames, 267 Mass. 44, 47.) When the terms limiting liability on a contract are incorporated in the contract itself assent to these terms is presumed. (Fonseca v. Cunard Steamship Co., 153 Mass. 553; Murray v. Cunard, Steamship Co., 235 N. Y. 162.) But when these terms, conditions, or stipula *340 tians are not integrated with the principal arrangement, the effect given them will depend on whether it can be shown that the party sought to be bound by them knew of them at the time the contract was made. (Brown v. Eastern Railroad, 11 Cushing 97; Malone v. Boston & Worcester Railroad, 12 Gray 388; McNulty v. Whitney, 273 Mass. 495, 501; Leviten v. Bickley, Mandeville, and Whipple, 35 Fed. (2d) 825, 826; Blanchette v. Union St. Ry., 248 Mass. 407, 413; Spooner v. Sparkman, (1937) 2 Dominion Law Reports 582.) Whether these terms, conditions, or stipulations were known by the parties at the time this contract was made is a question of fact to be determined by the trier of the facts. (Malone v. Boston and Worcester St. Ry., 12 Gray 388; Kushner v. McGinnis, 289 Mass. 326.)
In the case at bar the ticket received by the plaintiff did not represent the entire contract made by the parties. It was a mere incident to it. It is not unreasonable for one to whom such ticket is tendered to accept it as a token or check or receipt. He is not expected to examine it to see if it contains any unusual stipulations (Fonseca v. Curnard Steamship Co., 153 Mass. 553, 566), and the mere acceptance of the receipt will not create a presumption of knowledge of its contents. Unless such knowledge is proved, the party accepting such receipt will not be bound by its terms. (Kushner v. McGinnis, 289 Mass. 326; Brennan v. Ocean View Amusement Co., 289 Mass. 587, 594; Hager v. Publix Stations Inc., 50 App. Div. 57, Boston Municipal Court.) The plaintiff testified that he did not read the printed matter on the receipt given him. Apparently the court believed him.
Whether the plaintiff has sustained the burden of proving that the theft of this ear resulted from the defendant’s negligence presents no serious problem. There was ample evidence to warrant such a finding. (Stevens v. Stewart *341 Warner Speedometer Co., 223 Mass. 44; Doherty v. Ernst, 284 Mass. 341; Hayes v. Maykel Automobile Co., 234 Mass. 198, 203; See also Beetson v. Hollywood Athletic Club, 109 Cal. App. 715, 293 Pac. 821 (1930).)
There was no error in the reported rulings.
Report dismissed.