No. 372937

**GORDON F. McCREADIE**

v.

**ASHMONT MOTOR COMPANY**

(September 24, 1954)

*Gillen, J.* This is an action of contract in which the plaintiff seeks to recover on a written agreement of sale. The second count in the plaintiff's declaration is for the same amount of money for the same items on an account annexed. The answer is a general denial and a further plea that the defendant was entitled to reappraise the plaintiff's motor vehicle as provided for in paragraph numbered (2) under "Conditions" printed on the reverse side of the agreement.

There was evidence that the plaintiff called on the defendant and spoke with a salesman employed by the defendant. There was a discussion as to the terms of the purchase of a car and the plaintiff paid $50.00 in cash as a deposit, which was taken by the salesman of the defendant. Said salesman allowed the plaintiff the sum of $1,333.85 for the plaintiff's 1950 Nash Super Statesman Sedan. The plaintiff by written agreement ordered a new two-tone Nash Custom Statesman Sedan, delivery to be in May, 1953.

There was evidence tending to show that the defendant was unable to produce the car called for by the plaintiff at the time designated, but that at some time thereafter the defendant did obtain a car which would have been acceptable to the plaintiff. At that

point, however, the defendant insisted on reappraising the plaintiff's used car and would offer only $1,000.00. There was evidence tending to show that in consequence of the foregoing the plaintiff purchased a his used car. The plaintiff seeks to recover the $50.00 deposit, together with the loss in market value of $333.85, or a total of $383.85.

At the trial the original agreement was placed in evidence and it was signed by the plaintiff and by a salesman of the defendant and not signed on the line immediately underneath the salesman's signature. On the face of the agreement made out in triplicate on a block of forms *there appears near the bottom of the page in small type a statement that the agreement did not bind the defendant unless it was signed and accepted by the dealer and a further statement that the agreement was subject to conditions appearing on the reverse side, one of which numbered two (2) purported to give the defendant the right to reappraise the plaintiff's vehicle if it was not delivered at the time of signing the agreement. A copy of the agreement was introduced in evidence at the trial.*

There was further evidence tending to show that the defendant's salesman made out the agreement in triplicate without calling the attention of the plaintiff to the small type near the bottom of the page, and without calling his attention to anything printed on the reverse side of the agreement, and the plaintiff did not read these items; that the defendant received the plaintiff's deposit and still retains same. There was also evidence to show that the defendant refused to honor the agreement to allow $1,333.85 for the plaintiff's car but instead offered him only $1,000.00 which the plaintiff refused to accept. There was evidence on behalf of the defendant tending to show that the defendant offered to return the deposit shortly after the agreement was signed. There was evidence on behalf of the plaintiff that the time of offering to return the deposit was considerably later, and after the time for delivery set in the agreement.

At the close of the trial and before the final argument the plaintiff made the following requests for car elsewhere and received $1,000.00 in trade-in on rulings and the action of the trial judge is set forth on each request:

1. The plaintiff is not bound by conditions appearing on the back of an agreement where these conditions were not called to his attention. *Ruling denied because I rule it immaterial on the ground that the contract was never completed.*

2. In a set of forms in triplicate attached to a block, reference on the face of the form in excessively small type does not constitute sufficient notice of any conditions appearing on the reverse. *Ruling denied because I rule it immaterial on the ground that the contract was never completed.*

3. Failure to adhere to the terms of a written agreement whereby the defendant promised to allow the plaintiff a certain sum for his old car subjects the defendant to liability to the plaintiff for loss caused by subsequent market decline. *Ruling denied because I rule it immaterial on the ground that the contract was never completed.*

4. The acceptance of a deposit of $50.00 accepts the contract by the defendant and binds him. *Ruling denied because I find that this agreement was never accepted by the dealer as is required by form of agreement.*

The court found for the plaintiff in the sum of $50.00.

The plaintiff claims to be aggrieved by the refusal of the court to grant requests numbered 1, 2, 3 and 4.

The plaintiff in his brief states "this claim of report is grounded on the denial by the trial court of plaintiff's fourth request for a ruling."

The first three requests are not argued in the brief; we treat them as waived. *Boston v. Dolan,* 298 Mass. 346 at 355.

The written agreement of sale is eleven by eight and a half inches in size with printing on both sides.

It contains a statement: "the front and back of this order comprise the entire agreement affecting this purchase." The front page contains the statement: "This order is not valid unless signed and accepted by dealer." There is no evidence that the dealer signed the agreement of sale.

The trial judge found that "this agreement was never accepted by the dealer as is required by the form of agreement."

In *Kuzmeskus v. Pick-up Motor Co. Inc.* 1953 A.S. p 773, (a case similar to the instant case) the court in speaking of the orders in the case said: "Therein it was stated that the defendant was not bound to sell in accordance with the terms of the orders until their acceptance had been authorized by an officer of the company." The court held the negotiations fell short of a binding contract because no officer had authorized the acceptance. We feel that the situation is the same in the instant case.

The plaintiff urges that our decision should be governed by *Albright v. Stegeman M.C. Co.*, 168 Wisconsin 557. There the court said in substance: Parties may become bound by the terms of a written contract even though they do not sign it, where their intention to become bound is otherwise indicated. In the Wisconsin case the plaintiff had requested the defendant to build him a motor vehicle according to specifications and the plaintiff had knowledge that the defendant company actually had started work on the motor vehicle.

The instant case is to be distinguished; here there was evidence tending to show that the defendant offered to return the deposit shortly after the agreement was signed by the salesman and the trial judge obviously concluded there was no approval by conduct of the defendant of the negotiations of the salesman.

The plaintiff further urges that he should not be bound by the printed words of the agreement for sale as some of them are in fine print including the

phrase: "This order is not valid unless signed and accepted by dealer." Our answer to this is that the instrument here has all the appearance of a formal document as in *Fonseca v. Cunard Steamship Co.* 153 Mass. 553 and is unlike the instrument or "stub" in *Sandler v. Commonwealth Station Co.*, 307 Mass. 470. We hold the plaintiff was bound by the fine print.

We find no error on the part of the trial judge. The order is

Report dismissed.

Charles W. Davis, for the plaintiff.
Magri & Meyers, for the defendant.