SILAS R. HILL, Respondent, *v.* THE SYRACUSE, BINGHAMTON AND NEW YORK RAILROAD COMPANY, Appellant.

78  351
127  447

Where, upon the delivery of goods to a carrier for transportation, and before shipment, a receipt or bill of lading is delivered to the shipper, and received by him without objection, he is chargeable with notice of its contents, and is bound by its terms; prior parol negotiations cannot be resorted to to vary them.

*Hill* v. *S. B. and N. Y. R. R. Co.* (8 Hun, 296), reversed.

*Bostwick* v. *B. and O. R. R. Co.* (45 N. Y., 712), distinguished.

(Argued April 5, 1878; decided April 16, 1878.)

·APPEAL from judgment of the General Term of the Supreme Court in the third judicial department in favor of plaintiff, entered upon an order denying a motion for a new trial, and directing judgment on a verdict. (Reported below, 8 Hun, 296.)

This action was brought to recover damages for the alleged non-performance of a contract, entered into by defendant as a common-carrier. The plaintiff delivered a quantity of wool at defendant's depot at Whitney's Point, to be carried to New York city. Plaintiff gave evidence tending to show that before the delivery of the wool he made a parol agreement with the person in charge of defendant's depot, that the wool should be shipped by defendant within two weeks, and that upon the faith of such agreement the delivery was made. This evidence was objected to upon the ground that the agreement between the parties was in writing, and that oral evidence, changing or modifying the same, was incompetent. The objection was overruled and defendant's counsel duly excepted. It appeared that afterwards, and on the same day, as plaintiff was about to start for his home, he received from defendant's agent, at the depot, receipts or bills of lading for the wool, but examined them no further than to see that the weights were correct, and then put them in his pocket, and did not notice the conditions therein until next day. By such conditions the defendant was exempted from

liability arising from any delay. The wool was not shipped until nearly two months after. In the meantime the value of the wool in market had fallen off nearly thirty cents per pound.

Further facts appear in the opinion.

*George N. Kennedy,* for appellant. Prior parol negotiations could not be resorted to to vary the receipt or bill of lading delivered by defendant to plaintiff. (*Long* v. *N. Y. C. R. R. Co.,* 50 N. Y., 76, 79; *Belger* v. *Dinsmore,* 51 id., 166; *Collinder* v. *Dinsmore,* 55 id., 204; *Steers* v. *Liv., etc., Towing Co.,* 57 id., 1; *Magnin* v. *Dinsmore,* 56 id., 168; *Steiger* v. *Erie R. Co.,* 5 Hun, 345; *Bostwick* v. *Balt. and O. R. R. Co.,* 45 N. Y., 712.)

*R. A. Stanton,* for respondent. As defendant stated no ground in its objections to the evidence of oral negotiations had before the delivery of the receipt, they are not available here. (*Shaw* v. *Smith,* 3 Keyes, 316; 5 Abb. [N. S.], 129.) Such evidence was competent to show that the parties did not intend that the printed receipts should constitute the whole contract between them. (*Bostwick* v. *B. and O. R. R. Co.,* 45 N. Y., 712; *Coffin* v. *N. Y. C. R. R. Co.,* 64 Barb., 379; 56 N. Y., 632; *Whitbeck* v. *Waine,* 16 id., 532; *Barker* v. *Bradley,* 42 id., 319; *Woodruff* v. *Sherrard,* 9 Hun, 322; *Hutchins* v. *Hibbard,* 34 N. Y., 24; *Morris* v. *Whitcher,* 20 id., 41; *Johnson* v. *Hathorn,* 2 Keyes, 477.)

Church, Ch. J. The decision of this court in the recent case of *The Germania Fire Ins. Co.* v. *The Memphis and Charleston R. R. Co.* (72 N. Y., 90) is decisive in this case that the receipt or bill of lading delivered to the plaintiff is to be regarded as the contract between the parties, instead of the parol agreement alleged to have been made previously, but on the same day, between the plaintiff and the person in charge representing the agent. The decision in *Bostwick* v. *The Baltimore and Ohio R. R. Co.* (45 N Y., 712) was not

intended to impair the general and well-settled rule that when goods are delivered to a carrier for transportation, and a bill of lading or receipt is delivered to the shipper, he is chargeable with notice of its contents and is bound by its terms, and that prior parol negotiations cannot be resorted to to vary them. In that case the property had been shipped by the carrier before the bill of lading was delivered, and was beyond the reach or control of the shipper. This court held that the carrier having shipped the property after the parol contract and before delivery of the bill of lading, was bound by the parol contract, and could not afterwards change it without the express consent of the shipper; but to apply the rule in a case like this would destroy the protection which the delivery and acceptance of a bill of lading affords. The delivery of the property and bill of lading are generally regarded as simultaneous acts, although the delivery of the property necessarily precedes the making and delivery of the receipt or bill of lading, and in most cases some parol negotiations precede the delivery of the property.

In this case the receipt was made immediately upon the receipt of the property, and delivered very soon after, the intervening time being while the plaintiff was getting his team preparatory to starting home. By accepting the contract without objection, the other party had a right to assume that he assented to its terms, and the fact of not reading it cannot be interposed to prevent the legal effect of the transaction. (*Long* v. *N. Y. C. R. R. Co.*, 50 N. Y., 76; *Belger* v. *Dinsmore*, 51 id., 166; *Steers* v. *L., N. Y. and Phil. S. S. Co.*, 57 id., 1; *Maghee* v. *C. and A. R. R. Trans. Co.*, 45 id., 514.) It appears that in this case the plaintiff did in fact read the paper on the next day, and knew and understood its contents. If he was not satisfied with its terms, he had then abundant opportunity to reclaim his property or insist upon a modification of its provisions, but he did neither. If he relied upon the statement of the agent, that the property would be shipped within two weeks, it must have been upon faith in the opinion of the agent, and not as a binding contract with

the company, as the bill of lading expressly notified him that station agents had no authority to vary or change the terms of a contract of shipment as expressed in the paper delivered. Although the receipt or bill of lading must be taken as the contract between the parties, there is nothing in its terms which will protect the company from liability if the delay and consequent loss was occasioned by its negligence, or that of its servants or agents. The record presents the case in a peculiar aspect. The complaint is on the parol contract to ship the property within two weeks. The trial judge charged that the parol contract was binding and obligatory instead of the bill of lading, but charged also that unless the delay was produced by the negligence of the defendant or its agents, the plaintiff could not recover. The General Term held that the evidence not being sufficient to establish *gross* negligence, the plaintiff could not recover on that ground, but also held that the parol contract was binding, and as the property was not shipped within the two weeks specified, the plaintiff was entitled to recover.

Another embarrassment is that the refusal to the several requests to charge which were intended to present the point as to the binding force of the two contracts was excepted to in such a general form that it is doubtful whether in strictness it is available in this court. If the trial judge had ignored the parol agreement, the verdict could not be disturbed unless the case is destitute of any evidence to sustain the finding of negligence, because the defendant is liable if the injury was produced by its negligence. Nor is it necessary to establish gross negligence as the General Term seems to have supposed. A want of ordinary care by a carrier, if it causes injury, is sufficient.

We think that there must be a new trial. The charge of the judge that the parol contract was the contract between the parties may have had a material influence upon the jury, upon the question of negligence, and although the exception to the request is not sufficiently specific, the same question was presented during the trial, and an exception properly taken. If an

amendment of the complaint is necessary, it can be obtained as a matter of course. Allegations of negligence would not substantially change the cause of action. The failure to perform either contract through negligence would be a breach of duty. (See *Bostwick* v. *Balt. and O. R. R. Co.*, 45 N. Y., 712.)

The judgment must be reversed, and a new trial ordered, costs to abide the event.

All concur, except ALLEN, J., absent, and ANDREWS, J., not sitting.

Judgment reversed.