(7 Misc. Rep. 130.)

### ROZEN v. DRY-DOCK, E. B. & B. R. CO.

(Common Pleas of New York City and County, General Term.   February 5,
1894.)

CONTRACTS—PERFORMANCE—DETERMINATION BY THIRD PERSONS.

   A written contract of employment of plaintiff as conductor of defend-
ant's street car provided that the reports of defendant's detectives should
be conclusive evidence of any fact stated therein, and that, because of
the difficulty of ascertaining the amount of any defalcation by plaintiff,
the amount of a deposit made by him as security should become the prop-
erty of defendant, in case of a defalcation, as liquidated damages. *Held,*
that such provisions were binding on plaintiff, where it appeared that he
could read and write, and no claim was made that defendant prevented
him from acquainting himself with the terms of the contract.

   Appeal from fifth district court.

   Action by Harry Rozen against the Dry-Dock, East Broadway &
Battery Railroad Company to recover money deposited for plain-
tiff's faithful performance of his duties at the time of entering de-
fendant's service as a conductor of one of its street cars. From a
judgment in favor of plaintiff entered on the verdict of the jury, de-
fendant appeals. Reversed.

   Argued before BISCHOFF and GIEGERICH, JJ.

   James & Thomas H. Troy, for appellant.

   BISCHOFF, J.   This action was brought by plaintiff, a conductor
of one of defendant's street-railroad cars, to recover the sum of $50,
concededly deposited by him with defendant as security for the
faithful performance of his services and the payment of all moneys
which should come into his hands to defendant's use.   The contract
of employment was in writing, executed by plaintiff, and, among
other things, provided:

   "(6) As it is understood that defalcations in the payment of moneys col-
lected for fares can generally only be detected by means of persons from
time to time employed by the company to act as detectives, and who make
their report to the company of such defalcations, and because of the difficulty
of ascertaining the precise amount of any embezzlement or defalcation, or of
any damages occasioned by any remissness, negligence, dishonesty, and in-
competence on the part of the conductor, it is agreed that the report of the
detective to the company, or to any party or parties by whom such de-
tective may be employed, at any and all times, and on any and all trips,
as to the number of passengers carried on any trip of any car of which
the conductor is conductor, shall be final and conclusive evidence of any fact
stated in the report made by said detective.

   "(7) And it is therefore mutually agreed that upon the occurrence of any
such neglect, embezzlement, or defalcation, evidenced by any such report or
otherwise, whereby the company has suffered any loss or damage by reason of
any neglect, carelessness, dishonesty, * * * of the conductor, said com-
pany shall forthwith be authorized, without notice to the conductor, to retain
the said sum of fifty dollars so deposited by the conductor, together with the
conductor's wages for the current week, to and for its own use and benefit,
as its liquidated damages, and not by way of penalty or otherwise."

   Upon the trial, evidence was given by five detectives in the em-
ploy of defendant to the effect that upon several occasions the plain-
tiff had failed to register fares received.   The time tickets returned
by the plaintiff to the company on the days in question, showing the

number of fares accounted for, were identified by the plaintiff, and received in evidence for defendant. The reports of the detectives were offered in evidence. and excluded under exception, the justice holding that, as matter of law, they were not conclusive upon the plaintiff; and the jury were instructed that it was for them to determine, upon the evidence, whether the plaintiff had actually failed to register and account for the fares as alleged, thereby incurring the forfeiture hereinbefore referred to. In this the justice erred. Under the contract of employment the reports of the detectives were conclusive upon plaintiff. Gallagher v. Railway Co., 14 Daly, 366. The evidence shows that the plaintiff was able to read and write, and no claim is made that he was prevented, by any act or representation of the defendant, from acquainting himself with the terms of the contract which he signed. No defense against its provisions is thus presented by his failure to read it. Hill v. Railroad Co., 73 N. Y. 353, and cases cited; Schmieder v. Kingsley, (Com. Pl. N. Y.) 26 N. Y. Supp. 31. The presumption is that he did read it before execution. Belger v. Dinsmore, 51 N. Y. 166; Steers v. Steamship Co., 57 N. Y. 1; Ballou v. Earle, (R. I.) 22 Atl. 1113. Moreover, the retention by the defendant of the sum deposited in the case at bar was not to be regarded as a penalty. It was intended as a provision for uncertain damages. In a case of such a character the actual loss to the defendant may greatly exceed the amount of the specific peculations which could be proven. Birdsall v. Railroad Co., 8 Daly, 419; Schmieder v. Kingsley, supra. The judgment appealed from should, for the error above referred to, be reversed, and a new trial ordered, with costs to the appellant to abide the event.