SALZER v. SHEFFIELD FARMS SLAWSON DECKER CO.

(Supreme Court, Appellate Term.   March 5, 1909.)

1. DAMAGES (§ 77*)—LIQUIDATED DAMAGES—INTENTION OF PARTIES.

The apparent intention of the parties must control in determining whether a sum to be forfeited on breach of a contract was intended as a penalty or as liquidated damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 156; Dec. Dig. § 77.*]

2. DAMAGES (§ 79*)—LIQUIDATED DAMAGES—CONSTRUCTION OF STIPULATIONS.

Where the language of a contract is clear that a sum is intended as liquidated damages, and the actual damages contemplated when the agreement was made cannot be ascertained with certainty, and the amount stipulated is not wholly disproportionate to the probable loss, it will be deemed liquidated damages, and not a penalty.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 164–169; Dec. Dig. § 79.*]

Dayton, J., dissenting.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Frederick Salzer against the Sheffield Farms Slawson Decker Company.   From a judgment for plaintiff, defendant appealed.   Affirmed and modified.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Alger & Simpson, for appellant.

Merrill E. Gates, Jr., for respondent.

MacLEAN, J.   The plaintiff brought this action to recover the sum of $100 that had been deposited by him under a written contract of employment with the defendant, and the defendant interposed an offer of judgment for $75, counterclaiming the sum of $25 as liquidated damages for a breach of the contract of employment by the plaintiff, who, without two weeks' notice required by the terms of the contract, left his employment.   The trial justice rendered judgment in favor of the plaintiff for the full amount of his claim.

This was error, as the apparent intention of the parties must control in determining whether the sum of $25, to be deducted, upon certain contingencies, from the sum deposited, as provided in the contract herein, is to be regarded as "penalty" or as "liquidated damage"; and, "where the language used is clear and explicit to that effect, the amount is to be deemed liquidated damages when the actual damages contemplated at the time the agreement was made 'are in their nature uncertain and unascertainable with exactness, and may be dependent upon extrinsic consideration and circumstances, and the amount is not, on the face of the contract, out of all proportion to the probable loss.' "   Curtis v. Van Bergh, 161 N. Y. 47, 52, 55 N. E. 398.   The contract herein, so tested, both upon its face, in its entirety, and upon extrinsic conditions, as well as upon the authority of Rozen v. Dry Dock, etc., R. R. Co., 7 Misc. Rep. 130, 27 N. Y. Supp.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

337, must be determined to contemplate the sum therein provided to be deducted for the present breach thereof by the plaintiff to be liquidated damage, and that the plaintiff was entitled to. The judgment must therefore be modified accordingly.

Judgment modified, by reduction to the sum of $75 and appropriate costs, and, as thus modified, affirmed, with costs of this appeal to the appellant.

GILDERSLEEVE, P. J., concurs.

DAYTON, J. (dissenting). There was no testimony to show what, if any, damage was sustained by defendant. I understand the rule to be that the term "liquidated damages" is not of itself sufficient to enforce a "penalty." It may not be said arbitrarily that "the expense, inconvenience to customers and to the company, and loss of custom which the company may be occasioned by his [plaintiff's] failure to give the company such notice in order to enable it to train and instruct a successor on said route," would be or was $25. All these matters were ascertainable by some form of competent evidence.

The judgment should be affirmed, without modification.