ISAAC BODENSTEIN and Others, as Liquidating Trustees of I. BODENSTEIN, INC., a Dissolved Corporation, Plaintiffs, *v.* SAUL SINGER and Others, Defendants.

Supreme Court, Kings Special Term, April 11, 1925.

**Fraud and deceit — action for damages arising from sale of stock and lease to director of defendant corporation — plaintiff claims defendant directors forced sale by misrepresenting assignability of lease — plaintiff, charged with knowledge of provisions of lease, barred from pleading lack of knowledge thereof — complaint dismissed for insufficiency.**

A complaint in an action for damages arising from the sale of stock in defendant corporation and a lease entered into between the plaintiff and the defendant corporation should be dismissed for insufficiency, where it appears that plaintiff relying upon certain representations of defendant's directors as to a clause in said lease limiting its assignment to their corporation, sold said stock and lease

and subsequently discovered that the representations were false, since plaintiff, having executed the lease upon taking possession of the premises was charged with knowledge of its provisions as to assignability and is barred from pleading lack of knowledge. In the absence of any allegation of fraud or lack of knowledge of the terms of the lease, plaintiff is not entitled to set up that it did not know the conditions in the lease which governed its assignability.

Nor can an allegation that the lease was not assignable except to a stockholder of the corporation be made the basis of actionable fraud, since it is a statement as to the legal effect of the provisions of the lease.

Motion by defendants under rule 106 of the Rules of Civil Practice to dismiss the complaint, on the ground that it does not state facts sufficient to constitute a cause of action.

*Warren Leslie*, for the plaintiffs.

*William Klein*, for the defendants.

McGoldrick, J.: ·

The defendants Saul Singer, Jacob Reich and Garment Center Realty Company, Inc., move under rule 106 of the Rules of Civil Practice for judgment dismissing the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The complaint alleges that on or about December 11, 1919, I. Bodenstein, Inc., subscribed for $50,000 par value of the stock of such defendant, and that in or about the month of April, 1921, entered into a written lease with it for the twenty-first floor of premises owned by the latter, and known as No. 498 Seventh avenue, for a period of five years; that subsequently permission was requested of the defendants Reich and Singer, directors of the defendant corporation, to sell and assign the lease, but was informed by them that it could not be assigned unless such stock was likewise sold, assigned and transferred; that, relying upon the representations made, I. Bodenstein, Inc., sold such stock for the sum of $50,000 and assigned such lease to the defendant Sachs; that the representations were false and untrue when made, and by reason thereof I. Bodenstein, Inc., was damaged in the sum of $130,000. The action, as appears from an examination of the complaint, is based on certain alleged misrepresentations made by the defendants Singer, Reich and Sachs of terms and conditions on which the lease was assignable. The lessee went into possession under a written lease concededly signed and executed by it, and was charged with a knowledge of those provisions of the lease set forth in paragraph 21st of the complaint: " That the lease of the twenty-first floor of the premises, 498 Seventh avenue aforesaid, did not contain any clause, provision or condition limiting its assignment only to stockholders of the defendant Garment Center Realty Company, Inc."

There is no allegation that the lease was secured by fraud, nor is it alleged that the lessee lacked knowledge of the terms and provisions of same.    Having signed the lease, the lessee cannot now set up that it did not know the conditions in the lease which governed its assignability.   ( *Upton* v. *Tribilcock*, 91 U. S. 45; *Rozen* v. *Dry Dock, etc., R. R. Co.*, 7 Misc. 130; *Moloughney* v. *White*, 168 N. Y. Supp. 532; 6 R. C. L. 624; Bigelow Fraud, 73.)

The defendants assail the complaint because the representations alleged, even if falsely made, furnish no basis of an action for fraud. No charge of fraud is made against the Garment Center Realty Company, Inc., as such.    This action is based upon alleged fraudulent representations of the terms and conditions on which the lease was assignable.    The alleged fraudulent representation that the lease was not assignable except to a stockholder of the Garment Center Realty Company, Inc., was at most a representation of the lessee's right to assign under the terms of the lease.    It was a statement as to the legal effect of the provisions of the lease.    Such a representation cannot be the basis of actionable fraud.    (*Leszynsky* v. *Ross*, 35 Misc. 652; *Abraham* v. *Wechsler*, 120 id. 811; *Bernhan C. & M. Corp.* v. *Ship-A-Hoy, Ltd., Inc.*, 200 App. Div. 399; *Van Slochem* v. *Villard*, 207 N. Y. 587.)

Motion granted, with ten dollars costs.

Settle order on notice.